FRANK T. BAKER, *et ux.,* and M. T. GORDON, JR., *et ux.,* v. VERO INDIAN RIVER PRODUCERS ASSOCIATION.

168 So. 536.
Division B.
Opinion Filed May 22, 1936.
Rehearing Denied June 11, 1936.

*Lawrence Rogers* and *George Palmer Garrett,* for Appellants;

*C. P. Diamond,* for Appellee.

PER CURIAM.—The appeal in this case brings for review final decree of foreclosure entered on the 14th day of October, 1935. And there is also a second appeal which brings for review order confirming sale and granting deficiency judgment entered on the 4th day of December, 1935.

The appellants in their brief filed under amended rule 20 say that there are two questions to be determined, which are stated as follows:

"Question Involved No. 1.

"Where the accounting tendered by the association in the course of a foreclosure suit shows the married woman's claim of full payment to be correct unless items are added to the mortgage debt that are due under the contract and not under the mortgage debt and that do not constitute indebtedness chargeable against the separate real property of the married woman under Article II of the Constitution of Florida, ought the final decree to be in favor of the plaintiff association or in favor of the married woman mortgagor?"

"Question Involved No. II.

"Did the Circuit Judge have jurisdiction to confirm the sale at the time he undertook to do so, and, if he had such jurisdiction, did he exercise his discretion properly to confirm said sale and enter said deficiency judgment in the state of the record at the time of the entry of said order of confirmation and for deficiency judgment?"

The question numbered I does not more than challenge the sufficiency of the evidence to sustain the decree. The question as stated assumes that it appears conclusively from the record that "unless items are added to the mortgage debt that are due under the contract and not under the mortgage" the account tendered by the complainant in the court below shows that the mortgage has been paid in full. The assumption is not warranted by the record.

We can see no useful end to be gained by a discussion of the voluminous evidence presented. It is sufficient to say that a careful consideration of the record discloses substantial evidence to sustain the findings and the decree.

The second question must be resolved against the contention of the appellant because the record shows that at the time of the entry of the deficiency judgment and the order confirming the sale no supersedeas had been perfected. The order confirming sale and entering deficiency judgment was

entered on the 4th day of December, 1935, as heretofore stated, while the supersedeas was not perfected until the 7th day of December, 1935. So it appears that the court on December 4th, 1935, had jurisdiction to enter order confirming sale and deficiency judgment. See Priest v. Hogan, 85 Fla. 457, 96 So. 408.

There is nothing in the record to show any abuse of discretion by the lower court in entering the order confirming sale and the deficiency judgment at the time same was entered.

For the reasons stated, the decree and orders appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.