TILLMAN PEARSON, Judge.
The parties to this interlocutory appeal were divorced on December 9, 1964, by a decree of the circuit court. On March' 30, 1965, the appellee, who is the former wife, filed a petition for modification of the final decree. Appellant filed his motion to quash or dismiss the petition for modification. After hearing on the petition and the motion, the chancellor denied the motion and granted the petition. The final decree was modified by the addition of a provision which restrained the appellant-former husband from “assualting, harassing, annoying, or berating” the appellee-former wife. This appeal is from the order modifying the final decree.
Upon an application for a constitutional writ pursuant to Rule 4.5, subd. g, Florida Appellate Rules, 31 F.S.A., we heard argument, granted the writ, expedited this appeal and after the filing of briefs, now dispose of the appeal on its merits pursuant to subsection (2) of Rule 4.5, subd. g. *802 The only substantial question raised is whether the chancellor had jurisdiction to modify the final decree by adding the restraining order. Appellant urges that the chancellor erred in denying the motion to quash or dismiss the petition because the relief sought did not relate to subject matter over which the court had reserved jurisdiction, nor was it within the ambit of any applicable statute, and cites as authority: Norton v. Norton, 131 Fla. 219, 179 So. 414; Mouyois v. Mouyois, Fla.1957, 97 So.2d 718; Strozier v. Strozier, Fla.App. 1958, 107 So.2d 134; Durden v. Durden, Fla.App. 1962, 137 So.2d 29.
Appellee accepts the limitation on jurisdiction which is urged as the basis of appellant’s position, but appellee urges that the order modifying the final decree was a proper exercise of the court’s continuing care for the minor children whose care and custody is the concern of the final decree and cites as authority: § 65.14, Fla.Stat., F.S.A. ;[1] and McEachin v. McEachin, Fla.App.1963, 154 So.2d 894.
We are persuaded that the chancellor correctly detemined that the modification prayed concerned the welfare of the minor children and that he therefore had jurisdiction to entertain the petition. The appellant has not included the testimony before the chancellor as a part of this record but relies upon his position as a matter of law. We must therefore indulge the chancellor with the presumption that the evidence before him fully supported in every particular the allegations of the petition for modification. See McEachin v. McEachin, supra, Cf.: Harmon v. Harmon, Fla.1949, 40 So.2d 209; Lynch v. Coppola, Fla.App.1961, 129 So.2d 183.
The final decree in its provision as to custody of the children adopted an agreement of the parties. The agreement provided in part:
“The wife shall have permanent care, custody and control of the minor children of the parties, with liberal rights of visitation in the husband. Said right of visitation shall include the right to overnight privileges with said children, provided in every case, the party seeking this arrangement shall give reasonable advance notice of their intention to do so * *
The final decree provided:
“That the exclusive care, custody and control of the minor children of the parties, STEPHANIE JEAN, age 8, and LISA MARIE, age 6, be and the same is hereby awarded to the Plaintiff, with reasonable rights of visitation to the Defendant.”
* * * * * *
“This Court keeps and retains jurisdiction of the subject matter hereof and the parties hereto expressly for the purpose of enforcing the terms and conditions of this Decree and the agreement of the parties.”
The petition for modification alleged:
“Petitioner would show that as a result of the Defendant’s right of visitation, and his obligation for the support of the minor children, he has come to the home of your petitioner at various and sundry times, often late at night, and on other occasions without any prior notice, when your petitioner had no reason to expect the respondent. That he would force entry into the *803 home, has threatened and abused your petitioner and struck her; has made cruel and false accusations against her and has otherwise intimidated, harassed, assaulted and berated your petitioner, all in the pretext that he has the right of visitation and that he is making support payments and further, that he can sit in moral judgment of your petitioner as to the company she keeps, the places she goes, and the hours in which she travels.”
On the basis of these facts the chancellor had jurisdiction to restrain the appellant from actions which were adverse to the welfare of the minor children.
Affirmed.

. Section 65.14 Ma.Stat., F.S.A., provides:
“Custody of children, etc., power of court in making’ orders. — In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any, se-eurity to bo given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just, and such order touching their custody as their best spiritual as well as other interests may require.”