PER CURIAM.
The appellant is the former wife of the appellee. She appeals a final judgment of divorce by presenting and arguing some twenty-one points on appeal. We affirm upon a holding that all of the matters presented fall within two categories; they are either procedural errors which were induced by the appellant’s own actions or they relate to findings which are supported by evidence before the trial judge and are within the range of his judicial discretion. For obvious reasons we will not attempt to discuss each point separately. However, we will briefly state the origin of the problems involved and the basic principles supporting the trial judge’s disposition of the issues presented.
The parties were married in New York in 1956. A few months after the marriage, the husband and wife entered into a' contract by which the wife conveyed her interest in a business to her husband and herself as joint owners, and the parties agreed that all their assets would be jointly owned from that day on. The husband and the business prospered but the marriage did not. After the business in. which the parties owned a joint interest was sold in 1965, and after the appellee husband began to variously invest the monies he received, the Family Court of the State of New York entered an order in 1966 providing for the support of the appellant and her two minor children. The record indicates that the appellee made a conscious effort to conceal his assets from his wife. In 1967, the appellant wife began litigation in the Supreme Court, County of Bronx, New York, seeking an accounting and other relief against the appellee, his father *597 and two brothers. She sought enforcement of her rights of joint ownership as set out in the contract of 1956.
The appellee husband brought the instant action for divorce in 1970. The appellant answered, filed a counterclaim, and attached the 1956 agreement. After extensive testimony and hearings a final judgment was entered on May 19, 1971. This judgment awarded the appellant the amount of $26,500.00 as “a special equity in the assets of the Plaintiff”. The court ordered the amount paid “in equal annual payments over a five (5) year period commencing (30) days from [the] date of this Order”. The appellant filed her motion for new trial and petition for rehearing. In the petition, she urged that the court had not properly considered the income and assets of the plaintiff and the written agreement pertaining thereto for joint ownership of assets.[1] The trial judge granted appellant’s motion for new trial on September 7, 1971, on the sole issue “of the Defendant, Judith Herskowitz’ special equitable and legal interest in the assets of the Plaintiff, Bernard J. Herskowitz”. Prior to the final rehearing, the court entered orders permitting the appellant to take extensive depositions. Thereafter, the court entered its final judgment on rehearing. This judgment reaffirmed the prior judgment except as to provisions regarding appellant’s interest in her husband’s assets. As to these assets, the court found:
[[Image here]]
“(1) The Court finds from all of the testimony and voluminous exhibits in evidence that the Defendant, based on special equities, and the aforesaid postnup-tial agreement, has an equity in the assets and the accumulated earnings, wages and profits of the Plaintiff in the amount of $46,500.00, which is hereby ordered to be paid by the Plaintiff to the Defendant as follows:
(a) Ten thousand dollars within thirty (30) days from the date hereof, and
(b) The balance in three (3) equal installments beginning thirteen (13) months from and after the date hereof.”
* * * * * *
In addition, the court made the following order relative to other litigation pending between the parties:
* * * * * *
“(2) The Defendant, JUDITH HER-SKOWITZ, be and she is hereby required to dismiss all litigation pending against the Plaintiff pertaining to his assets and all causes of action arising therefrom, including assessment of damages for alleged concealment thereof now pending against him.”
* * * * * *
On this appeal, one of appellant’s principal contentions is that the court had no jurisdiction to determine the rights of the parties to the contract made between the parties in 1956. We think that this position is untenable in view of the fact that the appellant herself introduced the contract into the litigation and petitioned for and received an extensive rehearing based upon the application of that contract to the assets of the appellee. The court did not err in pursuing the matter at the appellant’s request inasmuch as it is well estab *598 lished that upon a termination of marriage by a divorce of dissolution, the trial judge should insofar as possible settle all outstanding property rights between the parties. See Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Dotter v. Dotter, Fla.App.1962, 147 So.2d 209.
 Appellant’s contention that the court erred in enjoining her from further prosecution of additional court proceedings to enforce the same rights which she has litigated in this cause is without legal basis. In order to insure the efficacy of judgments in dissolution of marriage cases, the courts have frequently wielded their power of injunction. See cases collected at 10A Fla.Jur. Dissolution of Marriage, Separation, and Annulment, § 167, et seq. The power may be used to prevent harassment after final judgment. See Bazzano v. Bazzano, Fla.App.1965, 175 So.2d 801. Therefore, the order is proper under the circumstances of this case.
The appellant has also urged reversal of the finding concerning the extent of appellant’s interest in the appellee’s property. An examination of the lengthy record convinces us that the finding is based upon conflicting evidence and that we may not substitute our view for that of the trial judge. See Hobbs v. Hobbs, Fla.App.1962, 136 So.2d 363.
Appellant has pointed out that the trial court’s order directing the payment of the sum of $46,500.00 in three equal installments fails to specify at what intervals of time these installments must be paid. In view of the fact that the trial court reaffirmed the provisions of its prior judgment except as changed in the final judgment upon rehearing, we conclude that the provision objected to should be amended by providing that the sum of $46,500.00 is to be paid as follows: (a) $10,000.00 immediately upon remand of this cause; and, (b) the balance in three equal installments, the first installment to be paid on or before the 12th day of July, 1974, a like installment to be paid on or before the 12th day of July, 1975, and a like installment to be paid on or before the 12th day of July, 1976.
We have considered the other points raised on appeal and find that they do not present reversible error.
The judgment appealed is amended as to the installment payments as above set out and as amended is affirmed.
Affirmed.

 * * *
“3. The award of property and monies to the Defendant based upon the alleged income and assets of the Plaintiff and written agreement pertaining thereto for joint ownership of the said assets, was in error and devoid of competent evidence to sustain the Court’s ruling pertaining thereto, and contrary to the manifest weight of evidence presented. (Rule 1.530)
“4. That the Defendant has newly discovered evidence to substantiate that the Plaintiff misrepresented his financial worth, income, direct or indirect control of various stock, and further, the Plaintiff misrepresented Ms control, direct and indirect of a Florida Corporation, known as Allstate Tile & Supply, Inc.
“That further, said newly discovered evidence could not have been discovered by due diligence prior to said trial due to the fact that said misrepresentations by the Plaintiff, occurred at time of trial. (Rule 1.540(b))”
[[Image here]]