369 So.2d 75 (1979)
WILSON REALTY, INC., a Florida Corporation, Appellant,
v.
Sara DAVID, Appellee.
No. 78-917.
District Court of Appeal of Florida, Second District.
February 16, 1979.
Rehearing Denied March 27, 1979.
John P. Grier and Burton J. Green, Cocoa Beach, for appellant.
John M. Potter, Clewiston, for appellee.
PER CURIAM.
After consideration of the record and briefs and hearing oral argument we have concluded that there is competent, substantial evidence to support the trial court's final judgment denying specific performance of a contract for sale of real property as sought by appellant. However, we find it necessary to set aside the award of attorney's fees to appellee.
The contract between the parties provided that if litigation arose from the contract relationship the successful party would be entitled to reasonable attorney's fees. When the court entered judgment for appellee jurisdiction was reserved to award attorney's fees at a later time. A hearing on attorney's fees was subsequently held, but it occurred after appellant had filed its notice of appeal to this court of the final judgment. Consequently, at the time of the hearing the trial court had no jurisdiction to proceed without first obtaining the permission of the appellate court pursuant to Rule 9.600(b), Florida Rules of Appellate Procedure, which was not done. It cannot be argued that the trial court was proceeding on a matter which was unrelated to the final judgment because appellee's right to a fee was predicated on that judgment.
Accordingly, the judgment is affirmed; the order awarding attorney's fees is vacated; and the case is remanded for the purpose of conducting a new hearing directed toward the award of attorney's fees to appellee.
GRIMES, C.J., and BOARDMAN and SCHEB, JJ., concur.