CAMPBELL, Judge.
In Case No. 80-758, United Services Automobile Association (USAA) appeals from a declaratory judgment with respect to uninsured motorist coverage. In Case No. 80-1173, USAA appeals from an award of attorney’s fees to the appellees.
After consideration of the record and the briefs and hearing oral argument, we find no error in the trial court’s final judgment which determined that the Smo-lensky’s settlement with the tortfeasor did not prejudice USAA. We do find that the trial court committed error by awarding attorney’s fees to the appellees after a notice of appeal from the final judgment had been filed.
Florida Rule of Appellate Procedure 9.600(a) provides that the trial court has concurrent jurisdiction over procedural matters prior to transmission of the record. Attorney’s fees are not purely procedural matters; therefore, rule 9.600(a) does not apply here.
Rule 9.600(b) provides that when the lower court has lost jurisdiction because of an appeal, the appellate court by order may permit the lower court to proceed on specifically stated matters during the appeal. A request for relinquishment of jurisdiction to the trial court for a ruling on attorney’s fees would have been the proper method of proceeding here. As there was no relinquishment of jurisdiction by the appellate court, the lower court was without jurisdiction to enter an order awarding attorney’s fees. See Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla.2d DCA 1979).
Accordingly, the judgment is affirmed; the order awarding attorney’s fees is vacated; attorney’s fees are awarded to the ap- *356 pellees on appeal; and the ease is remanded in order for the trial court to conduct a hearing on an award of attorney’s fees to the appellees for trial and on appeal.
GRIMES, Acting C. J., and DANAHY, J., concur.