402 So.2d 474 (1981)
FMS MANAGEMENT SYSTEMS, INC., Appellant,
v.
IDS MORTGAGE CORPORATION, etc., Lord & Co., Ltd., a Florida Corporation, et al., Appellees.
No. 80-1807.
District Court of Appeal of Florida, Fourth District.
August 26, 1981.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellant.
Kendall B. Coffey and Philip G. Boggs of Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A., Miami, for appellee-IDS Mortg. Corp.
HERSEY, Judge.
This is an appeal from a non-final order granting a motion for enforcement of a final judgment. The issue presented is whether the trial court lost jurisdiction when an appeal was taken from the final judgment so that the subsequent order, on appeal here, was improvidently entered.
Appellee, IDS Mortgage Corporation, obtained a Final Judgment of Foreclosure of a mortgage encumbering property in which appellant, FMS Management Systems, Inc., was a tenant. By virtue of a non-disturbance agreement, appellant was permitted to remain in possession under its lease, conditioned upon timely payment of rent and adherence to the other terms of its lease. An appeal was taken from the Final Judgment of Foreclosure. Subsequently, upon failure of appellant to pay rent, appellee's motion to enforce the terms of the judgment requiring payment of rent was granted and, by the order on appeal in this case, appellant's tenancy was terminated.
Appellant maintains that the filing of a Notice of Appeal directed to the Final Judgment of Foreclosure exhausted the trial court's jurisdiction. The rule is stated by appellant that "while a judgment is pending on appeal the trial court has no authority to change the status of a case or to interfere with the rights of a party under the judgment without the appellate court's *475 permission," relying on Leo Goodwin Foundation, Inc. v. Riggs National Bank of Washington, D.C., 374 So.2d 1018 (Fla. 4th DCA 1979). There are no doubt cases which contain general language to the effect that an appeal terminates the jurisdiction of the lower court to proceed with the subject matter of the appeal until the appeal is determined or unless authorized by the reviewing court. We announced this principle in Strauser v. Strauser, 303 So.2d 663 (Fla. 4th DCA 1974), relied on by appellant. However, we later expressly disapproved the Strauser principle in Waltham A. Condominium Ass'n v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976). Again, in General Portland Land Development Co. v. Stevens, 356 So.2d 840 (Fla. 4th DCA 1978) we used language which might be construed as invoking an automatic supersedeas in the event of appeal. We here expressly recede from that notion.
A party seeking to stay enforcement or other proceedings in connection with a judgment must, with the exceptions provided for by the rule, file a motion in the lower tribunal pursuant to Rule 9.310(a), Florida Rules of Appellate Procedure. See Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975). In the absence of supersedeas or stay, the lower tribunal may proceed in the cause, even as to the subject matter of the appeal, if such subsequent proceedings do not interfere with the power of the appellate court to make its jurisdiction effective as to the order on appeal. Waltham A. Condominium Ass'n. v. Village Management, Inc., supra.
The order in question here does not interfere with this court's jurisdiction over the final judgment. Accordingly, we affirm.
AFFIRMED.
DOWNEY and MOORE, JJ., concur.