471 So.2d 117 (1985)
Carl HUDSON, Cheryl Lea Battey, et al., Petitioners,
v.
Herbert HOFMANN and Arlene Hofmann, D/B/a Harbor Lights Mobilsites, Respondents.
Nos. 85-592, 85-593.
District Court of Appeal of Florida, Second District.
May 29, 1985.
Rehearing Denied June 19, 1985.
*118 John T. Allen, Jr., St. Petersburg, for petitioners.
John M. Strickland of Livingston, Patterson & Strickland, Sarasota, for respondents.
GRIMES, Acting Chief Judge.
This is a petition for writ of certiorari to review an order awarding respondents an assessment for permanent utilities improvements.
A declaratory judgment was entered in consolidated cases which allowed respondents to pass on to petitioners, tenants at respondents' mobile home park, the cost of permanent water and sewage improvements. The judgment recited that the lower court retained jurisdiction to enforce the judgment. Thereafter, in a petition for subsequent relief, respondents apprised the court of the actual cost of the project which was more than initially contemplated. Petitioners then filed timely notices of appeal directed to the original final judgment. After the notices of appeal were filed, a hearing was held at which testimony concerning the actual cost was taken. An order awarding respondents a definite utilities assessment recoverable from petitioners was subsequently entered.
Common law certiorari is the proper vehicle to review whether the lower court acted in excess of its jurisdiction. Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978); Wright v. Sterling Drugs, Inc., 287 So.2d 376 (Fla. 2d DCA 1973), cert. denied, 296 So.2d 51 (Fla. 1974). Once the notices of appeal were filed, the lower court was divested of jurisdiction to proceed with matters related to the final judgment. Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979). Here, the postjudgment order was related to the original final judgment in that it awarded the specific assessment to which the respondents were held entitled under the final judgment. Since respondents did not request a relinquishment of jurisdiction to the trial court, the trial court was without jurisdiction when it acted after appeal was taken. Fla.R.App.P. 9.600(b); United Services Automobile Association v. Smolensky, 391 So.2d 355 (Fla. 2d DCA 1980); Wilson Realty, Inc.
We grant certiorari and quash the order awarding the assessment for permanent utilities improvements. Our holding does not preclude determination of the utilities improvements assessment provided relinquishment of jurisdiction is obtained from this court by proper motion.
DANAHY and LEHAN, JJ., concur.