516 So.2d 1042 (1987)
Howard BERNSTEIN, Appellant,
v.
Robert G. BERRIN, Appellee.
No. 87-2973.
District Court of Appeal of Florida, Second District.
December 11, 1987.
Sheldon Wind, Tampa, for appellant.
Gerald M. Taylor, Tampa, for appellee.

ON MOTION TO RELINQUISH JURISDICTION TO DETERMINE ATTORNEY'S FEES
PER CURIAM.
In Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979) this court held that after a notice of appeal from a final judgment a trial judge loses jurisdiction to award attorney's fees pursuant to a reservation of jurisdiction in the final judgment. See, also, United Services Automobile Association v. Smolensky, 391 So.2d 355 (Fla. 2d DCA 1980) and Judge v. Judge, 370 So.2d 833 (Fla. 2d DCA 1979). We take this opportunity to recede from that aspect of Wilson, Smolensky, and Judge. Experience and cases subsequent to Wilson have now convinced us that the better conclusion is that the filing of the notice of appeal does not divest the trial court of jurisdiction to enter attorney's fee orders in the same case.
It is now clear that not only is a judgment final without disposition of attorney's fees, but the postjudgment attorney's fee order is also a final order in itself for appeal purposes. See Hubert v. Division of Administration, 425 So.2d 671 (Fla. 2d DCA 1983). If the final judgment in the case and the subsequent attorney's fee order *1043 are both appealable separately as final orders, an appeal of the former should not take away jurisdiction to rule on the latter.
We agree with the reasoning of Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981) that the test to determine loss of jurisdiction is not whether the trial court is proceeding in matters related to the final judgment. Rather, the proper test is whether the trial court is proceeding in a matter which affects the subject matter on appeal. Thus, Bailey held that the trial judge had jurisdiction to award attorney's fees. See, also, Fernandez v. Alonso, 375 So.2d 8 (Fla. 3d DCA 1979).
In Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), the court held that when attorney's fees are properly costs in a case, this constitutes an exception to Wilson and they may be awarded after a notice of appeal from the final judgment. We make no such distinction here but recede from Wilson and hold that the trial court does not lose jurisdiction to award any type of allowable attorney's fees upon filing of the notice of appeal from the final judgment.
In view of our holding herein, relinquishment of jurisdiction for attorney's fees is unnecessary and the motion is denied as moot.
DANAHY, C.J., and SCHEB, RYDER, CAMPBELL, SCHOONOVER, LEHAN, FRANK, HALL and THREADGILL, JJ., concur En Banc.