526 So.2d 215 (1988)
George A. CASAVAN, et al., Appellants/Cross-Appellees,
v.
LAND O'LAKES REALTY, INC. OF LEESBURG, et al., Appellees/Cross-Appellants.
No. 88-128.
District Court of Appeal of Florida, Fifth District.
June 9, 1988.
Jackson O. Brownlee, Tavares, for appellants/cross-appellees.
Robert L. Appleget, Jr., Ocala, for Appellees/Cross-Appellants.

ON MOTION TO RELINQUISH JURISDICTION
ORFINGER, Judge.
A motion has been filed requesting that we relinquish jurisdiction to the trial court so that it may consider and act upon a motion for the assessment of attorney's fees. The trial court entered an order stating that it lacked jurisdiction to consider the motion because of the pending appeal from the previously entered final judgment. We deny the motion as moot because the trial court has jurisdiction to consider a motion for assessment of attorney's fees subsequent to the entry of a final judgment, even after a notice of appeal from that judgment has been filed.
We agree with the holding of Bernstein v. Berrin, 516 So.2d 1042 (Fla. 2d DCA 1987), that the test to determine loss of jurisdiction is not whether the trial court is proceeding in matters related to the final judgment, but rather the proper *216 test is whether the trial court is proceeding in a matter which affects the subject matter on appeal. See also Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981). Cf. Campbell v. Campbell, 436 So.2d 374 (Fla. 5th DCA 1983). Since an order awarding attorney's fees after entry of final judgment is a final appealable order, Bernstein, supra; Morand v. Stoneburner, 516 So.2d 270 (Fla. 5th DCA 1987), there is no reason why an appeal of the final judgment should divest the trial court of jurisdiction to later rule on the request for attorney's fees.
MOTION DENIED as MOOT.
SHARP, C.J., and DANIEL, J., concur.