ERVIN, Judge.
This is an appeal from a nonfinal order[1] that directed enforcement of a previously entered final judgment. Of the four points raised by appellants, only two require discussion and none requires reversal. Therefore, we affirm.
This case began when appellees, Greely B. Steele and Dessie Steele, his wife, along with a majority of their children, filed a two-count complaint against appellants, Dwight D. Steele and Martha Steele, his wife, on September 25, 1987. The first count of the complaint alleged fraud and undue influence and sought rescission of warranty deeds executed by Greely and Dessie Steele, which conveyed real property located in Okaloosa County, Florida, and Covington County, Alabama, to appellants; compensatory damages for economic loss suffered; punitive damages; compensatory damages for pain and suffering; and imposition of a constructive trust. The second count of the complaint alleged that the plaintiffs had suffered extreme emotional distress and anguish as a result of the willful and fraudulent conduct of appellants and sought compensatory and punitive damages.
The matter proceeded to nonjury trial, and a final judgment in favor of appellees was rendered on March 10, 1989. The court ordered appellants to convey the subject property back to appellees, free and clear of all mortgage debts.[2] All other relief requested by appellees was denied. Thereafter, appellants filed their notice of appeal on May 24, 1989. Appellants also filed a motion to set supersedeas bond, which was set at $150,000; however, no bond was ever posted.
While the appeal from the final judgment was pending, appellees filed a motion to enforce judgment in the lower court. Ap-pellees' position at the hearing was that they wanted the subject property recon-veyed to them and a money judgment imposed if the mortgages encumbering the property were not satisfied before recon-veyance. Following the hearing, the trial court entered an order directing appellants to convey the property unencumbered to Greely and Dessie Steele within 72 hours, and if not conveyed within 72 hours, the Okaloosa County Circuit Court Clerk would be appointed as special master for the purpose of executing the deeds. Moreover, if the property, once conveyed, was found to *528 be subject to encumbrances, appellees would then be entitled to a money judgment against appellants in the amount of such encumbrances. Because appellants failed to deed the property to appellees within the time specified, the clerk conveyed the properties to Greely and Dessie Steele by special master’s deeds, and appellants timely prosecuted their appeal from the court’s order of enforcement, which is the subject of the appeal in the instant case. As of the time the briefs for this appeal were filed, the property remained encumbered, but no money judgment had been entered against appellants, because the amount of the encumbrances had not been determined. Pending disposition of the instant case, the previous appeal from the final judgment was affirmed. See Steele v. Steele, 557 So.2d 869 (Fla. 1st DCA 1990).
Appellants argue that the lower court had no jurisdiction to enter the enforcement order authorizing money damages after an appeal had been taken. The law, however, is well established that an appeal from a judgment that is not superseded does not remove the case from the lower court in the sense that such court loses control over it or power to enforce the judgment sought to be reviewed. 3 Fla. Jur.2d Appellate Review § 132 (1978); Finst Dev., Inc. v. Bemaor, 449 So.2d 290 (Fla. 3d DCA 1983); FMS Management Sys. v. IDS Mortgage Corp., 402 So.2d 474 (Fla. 4th DCA 1981). It is undisputed that the trial court set the amount of the super-sedeas bond at $150,000, and that appellants chose not to post such bond. Because appellants elected not to post bond, the trial court had continuing jurisdiction to enforce the previously entered final judgment. See Baker v. Vero Indian River Producers Ass’n, 124 Fla. 323, 168 So. 536 (1936); Finst Dev., Inc.; FMS Management Sys.
Moreover, “[t]he power of the courts to revise their judgments and decrees for the protection of adjudicated rights in relation to changed conditions that affect those rights with respect to their judicial enforcement is inherent, and is the same whether the decree or judgment was entered by consent or after litigation.” State ex rel. Klemm v. Baskin, 111 Fla. 667, 670, 150 So. 517, 518 (1933). See also 33 Fla.Jur.2d Judgments and Decrees § 451 (1982). In the instant case, an award of money damages is a necessary implication that flows from the direction in the final judgment ordering appellants to convey the property unencumbered.[3] As such, it is a mode of enforcement that is within the trial court’s inherent powers.[4]
Under the circumstances, we conclude that the trial court had continuing jurisdiction to enter an order enforcing its previously entered final judgment and that it did not exceed its jurisdictional authority by entering an order allowing for money damages in the event the property was conveyed subject to encumbrances.
AFFIRMED.
ZEHMER and ALLEN, JJ., concur.

. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).

. The trial court specifically found that appellant Dwight Steele had increased the debt on the land solely for his own benefit.

. We find this case distinguishable from cases such as Grossman v. Selewacz, 516 So.2d 1136 (Fla.4th DCA 1987), and Valdes v. Planned Inv. Ass'n, Inc., 490 So.2d 1067 (Fla. 3d DCA 1986), wherein our sister courts held that the lower tribunals were without jurisdiction to enter orders granting money damages and injunctive relief, respectively, after entry of final judgments, because the relief requested in those cases, unlike the case at bar, was not a necessary implication of the final judgments entered.

. Appellants' argument that the trial court improperly amended the final judgment by providing to whom the property was to be conveyed (Greely and Dessie Steele) is likewise meritless. When the final judgment is considered in its entirety, it is obvious that the subject property was to be deeded back to Greely and Dessie Steele — they were the prior owners who deeded the property to appellants.