DOWNEY, Judge.
In this appeal appellant, Kenneth Hem-merle, seeks review of an order enforcing a contempt order and fine of $1,000 per day.
Federal Savings and Loan Insurance Corporation (FSLIC) (the predecessor of appel-lee Federal Deposit Insurance Corporation) sued Hemmerle and Acquisition Corporation of America to foreclose a mortgage on certain real property in Palm Beach County. After entry of a final judgment against the defendants, the property was sold at public sale to FSLIC. Various items of construction equipment and barrels of toxic waste were left on the job site and, although requested, Hemmerle refused to remove them unless FSLIC would give him a letter terminating his contract for the improvements. FSLIC then sought, and received, a mandatory injunction ordering Hemmerle to remove the equipment and personal property from the site. When he failed to comply with the injunction, FSLIC sought, and received, an order dated April 10, 1989, adjudicating Hemmerle in contempt and fining him $1,000 per day until he complied; however, he could purge himself of contempt by complying on or before April 20, 1989. Finally, on June 21, 1989, the court granted a motion to enforce the order of contempt and entered judgment for the accrued fine of $60,000. This *473 appeal is from that order (a later similar order was entered, which we herewith strike as surplusage).
Throughout the injunction and contempt proceedings Hemmerle was given adequate notice; he filed pleadings and participated in all of the hearings, alleging lack of due process and other defensive stances. It is noteworthy that throughout these post-judgment proceedings until this last order on June 21, 1989, Hemmerle did not seek to review any of the trial court’s orders.
Hemmerle’s original due process attack involves his contention that the trial court lacked jurisdiction to entertain the injunction request because the foreclosure judgment was on appeal. However, the judgment referred to, which has since been affirmed by this court, was never superseded or stayed in any manner. The enforcement thereof did not affect the appellate jurisdiction of this court and, absent super-sedeas, was enforceable pending appeal. Horn v. Horn, 73 So.2d 905 (Fla.1954); FMS Management Systems, Inc. v. IDS Mortgage Corporation, 402 So.2d 474 (Fla. 4th DCA 1981). Although there are a number of other defensive postures assumed by Hemmerle, our consideration of them convinces us they lack merit.
Accordingly, we affirm the order appealed from.
LETTS, J., and RICHARD H. FRANK, Associate Judge, concur.