MOTIONS FOR ATTORNEY’S FEES AND COSTS AND ORDER OF ENFORCEMENT
PER CURIAM.
In this appeal of a final judgment of dissolution of marriage and an order awarding attorney’s fees, appellee Susan Randolph (wife) has filed two motions, both of which we grant.
Wife’s first motion seeks an award of interim attorney’s fees and costs pending appeal. Wife had previously been awarded attorney’s fees in the trial court based upon the lower court’s findings that husband has the superior ability to retain an attorney, has a superior income and has liquid assets available to him which can be used as a source of funds to pay fees. The court also found wife is unemployed and has no liquid assets to pay her counsel or the costs of litigation. Based on the appellate record thus far developed, it does appear that wife meets the criteria for an interim award of appellate attorney’s fees and costs as set forth in Miller v. Miller, 586 So.2d 1315 (Fla. 5th DCA 1991) and Boyer v. Boyer, 588 So.2d 615 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 654 (Fla.1992). Accordingly, wife’s motion is granted and we remand this issue to the trial *771 court for a determination of the appropriate amount of interim attorney’s fees and costs she should receive.
Wife also seeks an order from this court relinquishing jurisdiction to the trial court to enter orders enforcing the final judgment currently on appeal. Although the lower court denied husband’s motion for a stay pending appeal, the court has refused to enter any post-judgment enforcement orders sought by wife on the stated basis that it lacks the jurisdiction to do so while his orders are on appeal.
The trial court has incorrectly concluded it is without jurisdiction to enforce its orders and judgments in the present case. Fla.R.App.P. 9.600(c).[1] Jurisdiction to enforce the fees award is clear. The lower court denied a stay of its order awarding fees and no supersedeas has been filed by appellant. The fee award, like any other money judgment, is enforceable by the lower court absent a stay, even though the fee award is appealed. Similarly, the provisions of the final judgment of dissolution requiring conveyance to appellee of a parcel of real property and payment to her of certain monies are enforceable by the trial court in the absence of an appropriate stay. Cf. Steele v. Steele, 558 So.2d 526 (Fla. 1st DCA 1990). The lower court has the power to entertain and rule upon the motions seeking enforcement of the final orders presently on appeal and by this opinion is instructed to do so.
MOTIONS GRANTED.
DAUKSCH, PETERSON and GRIFFIN, JJ., concur.

. The lower court incorrectly relied on Casavan v. Land O’Lakes Realty, Inc., 526 So.2d 215 (Fla. 5th DCA 1988) and Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981). Enforcement of a court’s order does not normally interfere with the appellate court’s power to rule on the appeal. See Greenberg v. Carlisle, 481 So.2d 106 (Fla. 4th DCA 1986). Where it does, a stay is the appropriate device. See Bazzano v. Bazzano, 175 So.2d 801 (Fla. 3d DCA 1965).