842 So.2d 853 (2002)
Jack Bruce KATZ, Appellant,
v.
N.M.E. HOSPITALS, INC. d/b/a West Boca Medical Center, Roger A. Levy, M.D. and Roger A. Levy, P.A., Appellees.
No. 4D02-933.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
Barbara Greenblatt of Barbara Greenblatt, P.A., Boca Raton, for appellant.
Louise H. McMurrary and James C. Sawran of McIntosh, Sawran, Peltz & Cartaya, P.A., Miami, for Appellee-NME Hospitals, Inc. d/b/a West Boca Medical Center.
PER CURIAM.
Barbara Greenblatt challenges an order compelling her to appear for a deposition duces tecum in aid of execution of an award of attorney's fees. We treat this *854 appeal as a petition for writ of certiorari and deny it.
This case began when Jack Bruce Katz (Katz) filed a medical malpractice action against respondent, NME Hospitals, Inc. (NME), and certain physicians, based on medical treatment Katz received in 1994.[1] After ruling in favor of NME, the trial court rendered an order awarding attorneys' fees and costs to NME and providing that Katz and his attorney, Barbara Greenblatt (Greenblatt), would share the $292,410.75 fee obligation equally. NME served Greenblatt with a Subpoena Duces Tecum in Aid of Execution requesting copies of various financial documents and statements and requiring Greenblatt to appear for deposition. Greenblatt objected to the subpoena, essentially claiming that the subpoena was based on an unenforceable judgment and that the trial court lacked jurisdiction to issue the subpoena because of various pending appeals.
After numerous attempts by Greenblatt to postpone or avoid production of the documents and deposition and a failure to appear, NME moved to compel her compliance. Following the hearing, the trial court overruled Greenblatt's objections and ordered her to appear for deposition, produce all documents under the duces tecum, and pay $55.00 for failure to appear at her previous deposition.
Because Greenblatt seeks review of a non-final discovery order compelling her appearance and production at a deposition duces tecum, the only remedy available to her is a writ of certiorari. See Martin Johnson, Inc. v. Savage, 509 So.2d 1097, 1099-100 (Fla.1987). However, she has failed to make the necessary showing of a departure from the essential requirements of law causing material harm for which there is no adequate remedy on final appeal. See Bared & Co. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996)(stating that "[i]t is only if the petition demonstrates harm that cannot be corrected on final appeal that we have the power to exercise discretion to grant or withhold the writ. It must be made, at least prima facie, clear in the petition that the harm is incurable by final appeal.").
In this case, the challenged order is one that compels discovery in aid of execution of an unsuperseded order awarding fees. Absent a supersedeas bond or order staying further proceedings in relation to the judgment, judgment creditors are entitled to pursue execution and collection of the judgment. See Bernstein v. Bernstein, 43 So.2d 356 (Fla.1949); Mellon United Nat'l Bank v. Cochran, 776 So.2d 964, 964 (Fla. 3d DCA 2000); Starkey v. Linn, 727 So.2d 386, 388 (Fla. 5th DCA 1999); Randolph v. Randolph, 618 So.2d 770, 771 (Fla. 5th DCA 1993); Finst Dev., Inc. v. Bemaor, 449 So.2d 290, 291 (Fla. 3d DCA 1983). Thus, the trial judge's enforcement of discovery in aid of execution was proper.
Further, we find no merit in Greenblatt's arguments that the fee award is unenforceable because the underlying judgment is void for various reasons. Here, where the judgment had not been vacated pursuant to Florida Rule of Civil Procedure 1.540, the trial court could properly enter the award of fees under section 57.105, Florida Statutes, during the pendency of appeal of the underlying judgment. See Bernstein v. Berrin, 516 So.2d 1042, 1042 (Fla. 2d DCA 1987)(holding that a notice of appeal does not divest the trial court of jurisdiction to enter a fee award); Ruby Mountain Constr. & Dev. Corp. v. *855 Raymond, 409 So.2d 525, 526 (Fla. 5th DCA 1982)(finding that discovery and enforcement permissible pending appeal of unsuperseded judgment); see also Wyatt v. State, 652 So.2d 453, 453-54 (Fla. 4th DCA 1995)(explaining that a motion for fees may be considered while an appeal is pending, even if there has been no specific reservation of jurisdiction).
We also reject Greenblatt's suggestion that an item listed in the subpoena duces tecum, i.e., the request for "schedules" showing accounts receivable, would violate attorney-client privileges. Greenblatt did not file a privilege log to support a finding that any particular documents might contain privileged information. Nor did she request an in camera review of such schedules as may exist. Accordingly, the trial judge lacked a basis to protect an asserted privilege and properly compelled production.
Based on the foregoing, we deny the petition for writ of certiorari.
WARNER, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] This review follows numerous prior appeals to this court concerning the malpractice action.