976 So.2d 618 (2008)
Peter G. STACK and Sandra Mann-Stack, Appellants,
v.
HOMESIDE LENDING, INC., Appellee.
No. 2D06-4697.
District Court of Appeal of Florida, Second District.
February 8, 2008.
Rehearing Denied March 19, 2008.
Peter G. Stack, pro se.
Sandra Mann-Stack, pro se.
Forrest G. McSurdy of Stern & McSurdy, P.A., Law Offices of David J. Stern, P.A., Plantation, for Appellee.
PER CURIAM.
Peter Stack and Sandra Mann-Stack appeal the trial court's fourth amended final judgment ordering foreclosure. Because the attorneys' fees included in the trial court's order granting Homeside Lending, Inc.'s fourth motion to amend final judgment are not supported by competent, substantial evidence in the record and the trial court did not make the required findings, we reverse the order as to the award of attorneys' fees but affirm in all other respects.
*619 This appeal arises out of a foreclosure action that commenced in 1998. We begin with a much abbreviated summary of the procedural history of this case to shed some light on how this case got to this point.
The trial court entered a final summary judgment of foreclosure on March 15, 1999. At that time, the total cost judgment was $39,886.98, of which $1485 represented attorneys' fees. Sandra Mann-Stack, in her name only, filed a notice of bankruptcy, staying the foreclosure sale. When the bankruptcy case was dismissed, Homeside moved to reconfirm the final judgment and reset the foreclosure sale. Ms. Mann-Stack appealed. The appeal was dismissed. Ms. Mann-Stack followed with a second bankruptcy petition. That case was dismissed. Homeside then filed an affidavit of attorneys' fees and costs and moved to amend the judgment. On August 21, 2001, the trial court entered an amended final judgment. With additional interest, escrow, and additional attorneys' fees, the total judgment was now $60,857.19, of which $7,584.05 represented attorneys' fees.
In October 2001, the Stacks' counsel[1] submitted checks to the lender for $60,857.19 plus about $900 in self-calculated interest, but Homeside refused the checks because it claimed additional attorneys' fees and costs which were not included in the final judgment. Homeside then filed a second motion to amend the final judgment and set foreclosure sale. The trial court granted the motion on April 5, 2002, and the second amended final judgment now reflected a total amount due of $72,118.47, of which $12,287.73 represented attorneys' fees. Peter Stack filed a motion to disqualify the trial judge. Judge Bruce Boyer granted the motion, and Judge Nelly Khouzam took over the case. Sandra Mann-Stack followed the second amended final order with a notice of suggestion of bankruptcy. This third attempt at filing for bankruptcy was also dismissed. Meanwhile, Peter Stack appealed the second amended final judgment. This court affirmed the second amended final judgment with a written opinion. See Stack v. Homeside Lending, Inc., 846 So.2d 663 (Fla. 2d DCA 2003).
Subsequently, Homeside filed a third motion to amend final judgment and set foreclosure sale. On July 30, 2004, the trial court entered a third amended final judgment. That judgment totaled $93,413.55, of which $16,855.55 represented attorneys' fees. Mr. Stack filed a motion to stay the proceedings, which was denied. The home was sold at a foreclosure sale on September 3, 2004. On September 9, 2004, Ms. Mann-Stack filed her fourth suggestion of bankruptcy. The sale was vacated. Meanwhile, Mr. Stack appealed the third amended final judgment. The third amended final judgment was affirmed without a written opinion by this court on September 7, 2005. Stack v. Homeside Lending, Inc., 915 So.2d 1213 (Fla. 2d DCA 2005) (Table). The record does not reveal what happened to Ms. Mann-Stack's fourth attempt at filing for bankruptcy, but we must assume it was also dismissed because proceedings in the trial court resumed.
On May 5, 2006, Homeside filed its fourth motion to amend final judgment of foreclosure and reset foreclosure sale. Homeside now claimed that the total amount due was $119,812.13. This motion contained two line items not seen in prior motions: (1) "Prior attorney fees and costs" of $27,566.49, and (2) "Bankruptcy Fees" of $4882.95. The trial court denied Homeside's motion on June 22, 2006, on *620 the basis that the request for fees was time-barred.
At about the same time, Mr. Stack filed a motion to disqualify Judge Khouzam. Although she denied the motion, Judge Khouzam subsequently entered a sua sponte order of recusal. Following Judge Khouzam's recusal and assignment of the case to another judge, Homeside filed an "Amended Motion to Amend Final Judgment" on June 30, 2006. This amended motion was identical to the previous motion except for a corrected address in the fourth amended affidavit. Following a hearing, the trial court, with a new judge presiding, entered a fourth amended final judgment granting the motion as submitted.
"An award of attorneys' fees must be supported by competent substantial evidence in the record and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." Debra J. Sutton, P.A. v. LeBeau, 912 So.2d 327, 328 (Fla. 2d DCA 2005) (quoting Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505, 506 (Fla. 4th DCA 2000)). In this case, there is no support in the record for the additional attorneys' fees awarded in the fourth amended final judgment. We also note that both attorneys' fees and costs are combined in a single entry, whereas prior affidavits and judgments segregated costs from fees. Thus, it is impossible to tell what part of this $27,566.49 represents attorneys' fees and what part represents costs. Regardless, the increase of approximately $10,000 in attorneys' fees and costs was not supported by the affidavits submitted to the trial court, and the trial court failed to make the required findings regarding the number of hours reasonably expended and a reasonable hourly rate. We also note with concern that despite the fact that the trial court originally denied Homeside's fourth motion to amend final judgment and reset foreclosure sale, Homeside resubmitted an almost identical motion to a different judge after Judge Khouzam was replaced.
Based on the above, we conclude that the attorneys' fees awarded in the fourth amended final judgment are not supported by competent, substantial evidence in the record and the trial court failed to make the required findings.
Accordingly, we reverse the fourth amended final judgment's award of attorneys' fees in excess of the $16,855.55 previously awarded in the third amended final judgment, but we affirm the judgment in all other respects. Should Homeside seek further relief via a suit for a deficiency judgment, no further attorneys' fees may be claimed except those which may be incurred in obtaining that judgment.
Affirmed in part and reversed in part.
NORTHCUTT, C.J., and SALCINES, J., and COBB, WARREN H., Associate Senior Judge, Concur.
NOTES
[1] The attorney stated in correspondence that he represented Sandra Mann-Stack only.