982 So.2d 72 (2008)
Sandra MANN-STACK, Appellant,
v.
HOMESIDE LENDING, INC.; Westlake Village Civic Association, Inc.; Greenwood Trust Company; American Express Travel Related Services Company, Inc.; Arthur Andersen and Company; Battaglia, Ross, Dicus & Wein, P.A., f/k/a Battaglia, Ross, Hastings and Dicus; Citibank (South Dakota), N.A.; United States of America, Department of Treasury; Swissotel, Atlanta; and Peter G. Stack, Appellees.
No. 2D07-689.
District Court of Appeal of Florida, Second District.
April 25, 2008.
Rehearing Denied May 29, 2008.
*73 Sandra Mann-Stack, pro se.
Forrest G. McSurdy of Stern & McSurdy, P.A., Plantation, for Appellee, Homeside Lending, Inc.
No appearance for remaining Appellees.
CASANUEVA, Judge.
This is an appeal from a postjudgment order of the trial court to the clerk of court to issue a certificate of title on a foreclosed home that was sold at public auction and an order to disburse funds held in the court's registry. Sandra Mann-Stack is the foreclosed homeowner, and Homeside Lending, Inc., is the foreclosing mortgage holder.[1] We find no merit in the argument related to the certificate of title and affirm as to that portion of the order without further discussion. Additionally, for the reason discussed below, we conclude the trial court did not err in ordering a portion of the funds from the sale of the foreclosed home disbursed to Homeside.
The underlying foreclosure case has a convoluted procedural history laid out in Stack v. Homeside Lending, Inc., 976 So.2d 618 (Fla. 2d DCA 2008). Since the initial judgment of foreclosure in 1999, Homeside had, on several occasions, sought to amend the final judgment of foreclosure to increase the amount of attorney's fees due. In the most recent case, Ms. Mann-Stack and her husband appealed the order of the trial court amending the final judgment once again to increase the amount of attorney's fees due Homeside, and this court reversed and remanded, concluding that Homeside was not entitled to more than $16,855.55 in attorney's fees. Id. at ___. After the notice of appeal was filed in that case, Homeside filed a motion in the trial court for disbursement of part of the funds from the sale of the home to satisfy the most recent judgment. The motion was granted and resulted in the order disbursing funds that is on appeal in this case.
"Once the notice[ ] of appeal [is] filed, the lower court [is] divested of jurisdiction to proceed with matters related to *74 the final judgment." Hudson v. Hofmann, 471 So.2d 117, 118 (Fla. 2d DCA 1985) (citing Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979)); see also Palma Sola Harbour Condo., Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979) (holding that "a trial court is divested of jurisdiction upon notice of an appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court"). In the absence of a stay pending appeal, however, the trial court retains the power to enforce a judgment that has been appealed. See Horn v. Horn, 73 So.2d 905, 906 (Fla.1954) ("If appellant determines to appeal without posting a supersedeas bond, it is his privilege to do so; but, at the same time, the lower Court has the power to enforce such decree as has then been entered."); Fitzgerald v. Addison, 287 So.2d 151, 152 (Fla. 2d DCA 1973) ("A defendant can appeal a money judgment without posting a supersedeas bond, but he does so at the risk of having to pay the judgment before the appeal has been concluded.").
Ms. Mann-Stack's situation is similar to that of the appellant in Hemmerle v. Federal Deposit Insurance Corp., 569 So.2d 472 (Fla. 4th DCA 1990), which involved a mortgage foreclosure and sale of real property, followed by an order finding the appellant in contempt and imposing a $60,000 fine for refusing to obey an injunction to clear the property, all done during the pendency of an appeal from the foreclosure judgment. The Fourth District stated:
[The appellant contends] that the trial court lacked jurisdiction to entertain the injunction request because the foreclosure judgment was on appeal. However, the judgment referred to, which has since been affirmed by this court, was never superseded or stayed in any manner. The enforcement thereof did not affect the appellate jurisdiction of this court and, absent supersedeas, was enforceable pending appeal.
Id. at 473; see also Baker v. Vero Indian River Producers Ass'n, 124 Fla. 323, 168 So. 536 (1936) (accord); Katz v. N.M.E. Hosps., Inc., 842 So.2d 853 (Fla. 4th DCA 2002) (accord); FMS Mgmt. Sys., Inc. v. IDS Mortgage Corp., 402 So.2d 474 (Fla. 4th DCA 1981) (accord).
Because Ms. Mann-Stack had posted no supersedeas bond and there was no stay pending appeal at the time the order of disbursement was entered, the trial court was within its authority to enter appropriate orders enforcing the previous judgment despite the fact that the foreclosure judgment was on appeal.
Affirmed.
SALCINES and CANADY, JJ., Concur.
NOTES
[1] The remaining appellees, except for Peter G. Stack who is Ms. Mann-Stack's husband, are various entities that may have a financial interest in the home. Mr. Stack did not appeal the order of disbursement; so, by virtue of Florida Rule of Appellate Procedure 9.020(g)(2), he is denominated an appellee here.