PER CURIAM.
 

 The Department of Revenue, on behalf of Sharon M. Simmons, appeals the trial court’s non-final order granting Biyant Wardlaw, Jr.’s motion for temporary injunction and ordering that the Department’s administrative support order be abated for thirty days. Because the trial court lacked jurisdiction, we reverse.
 

 On January 15, 2009, the Department of Revenue entered a Final Order of Paternity and Administrative Support, which required Wardlaw to pay child support. On February 18, 2009, Wardlaw appealed the final order to the First District Court of Appeal. Wardlaw failed to move for a stay either in the lower tribunal or in the first district.
 

 Thereafter, on April 22, 2009, Wardlaw filed a Complaint to Vacate Order of Child Support in the Broward County Circuit Court and requested the court vacate the Department of Revenue’s final order. The same day, Wardlaw also filed a Motion for Temporary Injunction in that court, requesting the court grant “an immediate temporary injunction against [the Department of Revenue] prohibiting [the Department] from making any further deductions from [Wardlaw’s] pay until the Court can hear and decide his Complaint.” On May 4, 2009, the trial court heard the motion for temporary injunction, treated it as a motion to stay, and abated the Department’s administrative order of support for thirty days. The Department appealed.
 
 [1]
 

 
 *82
 
 The Department argues that the circuit court lacked jurisdiction to abate the administrative support order pending a hearing on Wardlaw’s complaint to vacate the support order. Whether the trial court had jurisdiction is a legal question subject to
 
 de novo
 
 review.
 
 See Amerus Life Ins. Co. v. Lait,
 
 2 So.3d 203, 205 (Fla.2009).
 

 “|W]hen an appeal is perfected, the cause becomes one for the cognizance of the appellate court, and for that court alone. The authority of the lower court is terminated, and it cannot proceed in the cause, at least as to the subject-matter of the appeal, until the appeal is heard and determined.”
 
 Thursby v. Stewart,
 
 103 Fla. 990, 138 So. 742, 751 (1931). Further, if a matter is on appeal, “the test to determine loss of jurisdiction is not whether the trial court is proceeding in matters
 
 related
 
 to the final judgment, but rather the proper test is whether the trial court is proceeding in a matter which
 
 affects
 
 the subject matter on appeal.”
 
 Casavan v. Land O’Lakes Realty, Inc. of Leesburg,
 
 526 So.2d 215, 215-16 (Fla. 5th DCA 1988) (citing
 
 Bernstein v. Berrin,
 
 516 So.2d 1042, 1043 (Fla. 2d DCA 1987)) (emphasis in original).
 

 Here, Wardlaw sent a letter to the Department “requestpng] a hearing, right to an appeal and modification” regarding the Final Order of Paternity and Administrative Support. The Department then sent a letter to the first district “acknowledging] receipt of the Notice of Appeal.” Following this correspondence, Wardlaw filed the complaint in the trial court to vacate the Department’s final order. This complaint related to the same subject matter as the appeal — the Department’s final order. Because the trial court’s proceeding on this complaint would affect the subject matter of the appeal in the first district, proper jurisdiction lay with the first district, not the trial court.
 

 Accordingly, we reverse the order of the circuit court that granted the motion for temporary injunction and abated the administrative order.
 

 Reversed.
 

 GROSS, C.J., TAYLOR and STEVENSON, JJ., concur.
 

 [1]
 

 . On May 21, 2009, the first district dismissed Wardlaw’s appeal because he failed to pay the
 
 *82
 
 proper filing fee or obtain an order of insolvency.