ORFINGER, J.
Angel Padilla-Padial appeals the summary denial of his pro se “Motion to Correct Illegal Sentence,” which was filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and raised his alleged entitlement to additional jail credit. The trial court treated it as a Florida Rule of Criminal Procedure 3.801 motion to correct jail credit, and denied it on the merits. However, because the motion was filed during the pendency of Padilla-Padial’s direct appeal of his judgment and sentence (case number 5D13-3356),[1] the trial court lacked jurisdiction to rule on the motion. See Mann-Stack v. Homeside Lending, Inc., 982 So.2d 72, 73-74 (Fla. 2d DCA 2008) (holding that, once notice of appeal is filed, lower court is divested of jurisdiction to proceed with matters related to appealed order). Additionally, since appellate counsel represented Padilla-Padial when he filed his pro se motion, and the motion did not contain an unequivocal request to discharge counsel, the trial court should have stricken the motion as a nullity. Cf. Sheppard v. State, 17 So.3d 275, 281 (Fla.2009) (noting that Florida appellate courts have uniformly held that pro se petitions for relief filed in appellate courts were stricken where defendant was represented by counsel (citing Carlisle v. State, 773 So.2d 647, 648 (Fla. 5th DCA 2000))).
We recognize that there may be cases involving jail credit issues that, if not promptly resolved, would result in a defendant having served the legal portion of the sentence prior to the conclusion of the direct appeal. We would urge the State and defendants to work cooperatively to correct those errors. If the justice of the individual case requires it due to circumstances such as a short sentence, a joint *53 motion by the parties requesting relinquishment of jurisdiction to the trial court for the limited purpose of correcting an illegal sentence may be appropriate. See Amendments to Fla. R. of Crim. P. 3.111(e) & 3.800 & Fla. R. of App. P. 9.020(h), 9.HO, & 9.600, 761 So.2d 1015, 1019 (Fla.1999). We encourage the Appellate Rules Committee to consider revising Florida Rule of Appellate Procedure 9.600(d) to give the trial courts concurrent jurisdiction to consider such matters in a fashion that would not disrupt the orderly resolution of the defendant’s direct appeal.
We reverse the trial court’s order, as it was entered without jurisdiction. This is without prejudice to Padilla-Padial filing an appropriate and timely rule 3.801 motion to correct jail credit after his judgment and sentence become final.
REVERSED and REMANDED.
LAWSON and LAMBERT, JJ., concur.

. Padilla-Padial’s direct appeal has yet to be perfected, and is still pending before this Court.