PER CURIAM.
Arsenio Stewart appeals the summary denial of his pro se motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court correctly treated it as a Florida Rule of Criminal Procedure 3.801 motion to correct jail credit, and denied it on the merits. However, because the motion was filed during the pendency of. Stewart’s direct appeal of his judgment and sentence (case number 5D14-2633), the trial court lacked jurisdiction to rule on the motion. See Padilla-Padial v. State, 152 So.3d 51, 52 (Fla. 5th DCA 2014); see also Mann-Stack v. Homeside Lending, Inc., 982 So.2d 72, 73-74 (Fla. 2d DCA 2008) (hold *348 ing that, once notice of appeal is filed, lower court is divested of jurisdiction to proceed with matters related to appealed order). Additionally, since appellate counsel represented Stewart when he filed his pro se motion, and the motion did not contain an unequivocal request to discharge counsel, the trial court should have stricken the motion as a nullity. See Padilla-Padial, 152 So.3d at 52; cf. Sheppard v. State, 17 So.3d 275, 281 (Fla.2000) (noting that Florida appellate courts have uniformly struck pro se petitions for relief filed in appellate courts where defendant was represented by counsel (citing Carlisle v. State, 773 So.2d 647, 648 (Fla. 5th DOA 2000))).
We reverse the order, as it was entered without jurisdiction. Stewart should file a facially sufficient rule 3.801 motion within one year of the mandate issuing in, his direct appeal.[1]
REVERSED.
ORFINGER, TORPY and BERGER, JJ., concur.

. We note that Stewart's calculations appear correct. If the trial court again summarily denies his claim, it must attach portions of the record that refute Stewart's claim. See Romine v. State, 151 So.3d 553 (Fla. 5th DCA 2014) (citing Fla. R. Crim. P. 3.801(e), 3.850(f)(5)).