DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JACOB GLUCK and ZACH'S PLUMBING, LLC,

Appellants,

v.

LEI WEDGE and D&M ASSETS 5, LLC,

Appellees.

No. 2D2024-1328

_____

June 13, 2025

Appeal from the County Court for Hillsborough County; Gaston J. Fernandez, Senior Judge.

Jacob Gluck, pro se.

Samuel L. Wenzel, Jr., of Wenzel Law, PLLC, Tampa, for Appellant Zach's Plumbing, LLC.

No appearance for Appellees.

SLEET, Chief Judge.

Jacob Gluck and Zach's Plumbing, LLC, challenge the final judgment of default in the small claims action brought against them by Lei Wedge and D&M Assets 5, LLC. We affirm.

Wedge and D&M filed below a statement of claim seeking damages that they alleged resulted from plumbing work performed by Zach's Plumbing and its registered agent, Mr. Gluck. Following unsuccessful mediation, a nonjury trial was set for June 4, 2024, at 10 a.m.

The record before this court does not include a transcript of that trial, but Mr. Gluck claims on appeal that he arrived seventeen minutes late for the 10 a.m. trial and was told by the "attendant court officer . . . after consultation with the judge, that an appeal would be [his] only recourse." He filed a pro se motion for retrial, date stamped that same day at 11:52 a.m., which reads as follows:

> I showed up late to the trial on the above referenced case, due to traffic and parking delays. I was told that the court session had been terminated by then. I regret and apologize for this tardiness on my end. I am hereby requesting another appointment for a trial in this case.

The trial court denied this motion on June 5, 2024. On that same day, the court entered its final judgment, wherein it noted that Mr. Gluck had failed to appear, indicated that it heard testimony on Wedge and D&M's claims, and ordered that Wedge and D&M "recover from the Defendant(s) Jacob Gluck; Zach's Plumbing LLC, the principal sum of $7,385.00, with costs of $320.00, making a total of $7,705.00, that shall bear interest at the [statutory] quarterly interest rate."

Mr. Gluck then filed a pro se notice of appeal on June 6, 2024, but then on June 24, 2024, filed a motion to set aside final judgment pursuant to Florida Small Claims Rule 7.190. The trial court, however, has not ruled on that motion as the notice of appeal divested it of jurisdiction to do so. *See Mann-Stack v. Homeside Lending, Inc.*, 982 So. 2d 72, 72-74 (Fla. 2d DCA 2008) (explaining that after a notice of appeal is filed, the trial court is "divested of jurisdiction to proceed with matters

2

related to the final judgment" (quoting *Hudson v. Hoffman*, 471 So. 2d 117, 118 (Fla. 2d DCA 1985))).

On appeal, Mr. Gluck argues (1) that Florida Rule of Civil Procedure 1.500(b) requires that a default judgment cannot be entered unless there is evidence that the party has no intention of participating in the action; (2) that under rule 1.500(c), he was entitled to notification of the default before the final judgment could be entered; (3) that under rule 1.500(e), the plaintiffs were still required to prove their damages; and (4) that the trial court could not have conducted an evidentiary hearing between 10 a.m. and when the trial adjourned at 10:15 a.m. Mr. Gluck also argues that he is entitled to have the final judgment set aside based on mistake, inadvertence, surprise, or excusable neglect.

However, these arguments are not preserved for review in this appeal. Although Mr. Gluck raised them in his motion to set aside the final judgment, he filed that motion after he filed his notice of appeal. Based on its lack of jurisdiction, the trial court has not ruled on these arguments, and we cannot do so in the first instance. *See Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla.*, 998 So. 2d 1201, 1207 (Fla. 2d DCA 2009) ("An appellate court is reactive; it can only review asserted errors made by lower tribunals. . . . Appellate courts may not decide issues that were not ruled on by a trial court in the first instance." (quoting *Sierra ex rel. Sierra v. Pub. Health Tr. of Dade Cnty.*, 661 So. 2d 1296, 1298 (Fla. 3d DCA 1995))). We therefore must affirm the final judgment.

Affirmed.

NORTHCUTT and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.