SPECTOR, Judge.
The only question presented by this appeal is whether the lower court erred in taxing to the plaintiff-appellant costs in relation to certain expert witnesses. The record on appeal consists of the motion to tax costs, written objections to the motion, the order taxing costs, petition to this court for review of the cost judgment, notice of interlocutory appeal, assignments of error and directions to the clerk. Based solely on this record, it is clear that the court must have erred in calculating the costs to be taxed.
The motion requested the following costs to be taxed:
Jim Hills — expert witness fee $726.82
Richard Combs — expert witness fee 726.81
Court Reporter 131.25
Witness fee — Edward Pike, Jr. 7.50
Witness fee — Gregory Braddock 7.50
Sheriff’s service 10.00
1,609.88
The lower court in its order reduced the expert witness fees to $100.00, allowed $25.00 to each witness for overhead, clerical and administrative expenses, and came up with $1,186.30. There is no evidence in the record to support this finding. In fact, based on the face of the motion, if you reduce the expert witness fee of $726.82 to $100.00 for each witness, the amount to be taxed is more in the range of $400.00.
Appellees in their brief attempt to justify the $1,609.88 judgment based on a bill presented to them by Applied Technical Services, Inc., for service rendered. However, this bill is not a part of the record and appellants allege that they never saw the bill until after the notice of appeal had been filed. There are numerous cases holding that an appellate court cannot go outside the record in determining the correctness of a lower court’s order.
It is well settled that an appellate court in making its determination must rely on the record rather than statements contained in the brief.
It appears on the face of the record tha. there was an obvious mathematical mistake in the computation of the costs to be taxed.
*430 Appellants also contend it was error to tax as costs the $25.00 incurred by each of the expert witnesses for overhead, clerical and administrative expenses. We agree. We are unaware of any authority for the taxation of such items as separate costs and appellees have pointed to none. Accordingly, the taxation of the additional $25.00 for each expert witness was error.
Reversed and remanded for the entry of a new cost judgment consistent herewith.
RAWLS, C. J., and WIGGINTON, JOHN T., Associate Judge, concur.