JOANOS, Judge.
Appellants, Florida Gas Company and Lametti & Sons, Inc., appeal from the final summary judgment entered in favor of ap-pellee, Spectra-Physics, Inc., and from an award of costs which included the travel expenses of appellee’s attorney incurred while attending several depositions. Based upon the “relevant and competent” eviden-tiary matter in the affidavits and depositions considered by the trial judge, we agree with the trial judge’s conclusion that summary judgment was appropriate. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961). We reverse, however, the award of travel expenses because the Florida courts have held on numerous occasions that such expenses are not awardable as costs “absent special provisions of contract or statute.” Professional Computer Management, Inc. v. Tampa Wholesale Liquor Co., 374 So.2d 626 (Fla. 2d DCA 1979). See also Sunshine Kitchens, Inc. v. Mallin, 388 So.2d 1260 (Fla. 3d DCA 1980); Aetna Life Insurance Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978).
Due to our affirmance of the summary judgment, it is unnecessary to decide appel-lee’s first point on cross-appeal dealing with Lametti & Sons’ right to contribution. In addition, we find that the trial judge did not abuse his discretion in failing to award attorney’s fees pursuant to § 57.105, Fla. Stat. (1979) as argued in appellee’s second point on cross-appeal.
AFFIRMED in part, REVERSED and REMANDED to correct the award of costs consistent with this opinion.
SHAW, J., and MASON, ERNEST E. (Retired), Associate Judge, concur.