412 So.2d 72 (1982)
Patricia T. BOLTON, Appellant,
v.
G. Robert BOLTON, Appellee.
Nos. 81-364, 81-967 and 81-968.
District Court of Appeal of Florida, Second District.
February 17, 1982.
Rehearing Denied April 14, 1982.
*73 Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa, for appellant.
John T. Allen, Jr., St. Petersburg, for appellee.
RYDER, Judge.
Patricia Bolton appeals from the terms of a final judgment of dissolution of marriage and subsequent orders entered thereon. We deem it necessary to address several aspects of the orders entered below.
Appellant initially filed a dissolution action against appellee, but terminated that action by filing a notice of voluntary dismissal. On motion of appellee, the lower court taxed costs of $717.35 against appellant for the dismissed action, and directed appellant to pay $2,000.00 of appellee's attorney's fees incurred in defending the action. While attorney's fees are not generally recoverable as part of the taxable costs for taking a voluntary dismissal, Campbell v. Maze, 339 So.2d 202 (Fla. 1976), we have held that the court's jurisdiction to award such fees survives a stipulation for dismissal of a dissolution action. Hadlock v. Hadlock, 137 So.2d 873 (Fla. 2d DCA 1962). See Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA 1981). We thus affirm the award of attorney's fees in Case No. 81-968.
Appellant challenges the award of costs to appellee in Case No. 81-968 of $118.00 for xeroxing and $3.85 postage for documents furnished to her pursuant to discovery, and of $57.00 for a copy of a deposition not used at trial. The office expenses of counsel for appellee are not recoverable as costs. Seigler v. General Leisure Corp., 289 So.2d 429 (Fla. 1st DCA 1974). See Professional Computer Management, Inc. v. Tampa Wholesale Liquor Co., Inc., 374 So.2d 626 (Fla. 2d DCA 1979). Nor are copies of depositions recoverable in Florida. Davis v. Mandau, 400 So.2d 89, 90 (Fla. 2d DCA 1981); Paul v. Allstate Insurance Co., 380 So.2d 1307 (Fla. 2d DCA 1980). See Florida Greyhound Lines, Inc. v. Jones, 60 So.2d 396 (Fla. 1952). We strike those items from the award of costs to appellee. The cost award in Case No. 81-968 is hereby reduced to $538.50.
Following dismissal of the action above, appellee filed a dissolution action which was prosecuted to final judgment in Case No. 81-364. The final judgment provided, in part, that appellant was to have temporary custody of the parties' two minor children for a period of one year, premised on the condition that:
No member of the opposite sex stay in the home of respondent overnight and that they not be exposed in any way to Mr. James L. McGowan. Neither the petitioner nor respondent, during the period of temporary custody, shall expose the children to members of the opposite sex with whom they are dating.
We strike that part of the order prohibiting any male to stay overnight at appellant's home as overbroad. As drawn, the prohibition would not permit even a male relative to be a guest of appellant. The private lives of the children and mother may not be so regulated. Trylko v. Trylko, 392 So.2d 1034 (Fla. 2d DCA), cert. dismissed, 399 So.2d 1147 (Fla. 1981); Wambst v. Wambst, 391 So.2d 375 (Fla. 3d DCA 1980). We otherwise affirm the final judgment in Case No. 81-364.
The judgment of contempt entered against appellant in Case No. 81-967 is affirmed.
SCHEB, C.J., and HOBSON, J., concur.