443 So.2d 368 (1983)
Leo VOGEL, Appellant/Cross-Appellee,
v.
George E. ALLEN, Jr., et al., Appellee, and
Dan A. Wilcox, Appellee/Cross-Appellant.
No. 83-275.
District Court of Appeal of Florida, Fifth District.
December 29, 1983.
Fred S. Disselkoen, Jr., of Duffett, Seps & Akers, Ormond Beach, for appellant/cross-appellee.
William L. Townsend, Jr., and Kate L. Walton, of Walton & Townsend, Palatka, for appellee/cross-appellant Wilcox.
No appearance for appellee Allen.
SHARP, Judge.
Vogel appeals from an order of the trial court assessing costs and attorney's fees against him pursuant to section 57.105, Florida Statutes (1981). We reverse certain of the costs because we think they were not proper, and we reverse the attorney's fee award because we do not think there was a complete absence of justiciable issues of law and fact raised by Vogel's *369 complaint. See Allen v. Dutton, 384 So.2d 171 (Fla. 5th DCA), cert. denied, 392 So.2d 1373 (Fla. 1980).
Vogel filed a complaint against Flagler County and the City of Bunnell for having commenced construction of roads across his property without having an easement or right-of-way. In the alternative, he sued Wilcox for having failed to show in his survey, done for Vogel at the time he purchased the land, a recorded plat subdividing Vogel's property into lots and streets. He also sued the former landowners for breach of covenants contained in his warranty deed for selling him land which was subject to the platted roads.
The pertinent paragraphs regarding Wilcox allege that Vogel owned certain real estate in the Northeast Quarter of Section 15, Range 30 East, of Flagler County. At the time of the purchase, Vogel engaged Wilcox, a registered Florida land surveyor, to do a survey of the land. A copy of the survey was attached and it showed no platted road or streets.
Vogel alleged that the land he purchased was subject to the platted roads and lots contained in a plat recorded in Map Book 2, page 2, City of Bunnell. A copy of the plat was attached, and it purports to encompass lands in the Northeast Quarter of Section 15. Vogel alleged he relied on the survey in buying the property, and had suffered damages when the City and County commenced working on the platted roads.
Wilcox filed three motions to dismiss the complaint, all of which were granted. Each time, Vogel was allowed to amend his complaint. The final time, the count regarding Wilcox was dismissed with prejudice. The order was not appealed.
The issue in this case, for purposes of reviewing the validity of the attorney's fee award against Vogel pursuant to section 57.105, is whether the complaint against Wilcox was frivolous, or whether as a matter of law, it stated or came close to stating a cause of action against him.[1] On its face, the complaint against Wilcox states a cause of action. A surveyor who is retained to do a survey of real estate for a client must perform his task in a professional manner.
The general standard of conduct in such cases is that a professional man must exercise that degree of care which a skilled man of his profession, using ordinary prudence, would exercise under like circumstances. Reasonable care or skill is the measure of obligation created by the implied contract of a surgeon, lawyer, or any other professional practitioner.
Clark on Surveying and Boundaries, § 11 (J. Grimes 4th ed. 1976). Vogel alleged sufficient facts to establish Wilcox owed him a duty to survey in a professional, competent manner when he simply alleged he retained Wilcox to do the survey.
Further, Vogel alleged sufficient facts in the complaint to establish that Wilcox breached his professional duty by failing to show on the survey the streets and lot lines contained in a plat of record. The minimum requirements for an adequate survey of land that have been approved by the Florida Society of Professional Land Surveyors and the Florida Land Title Association include the implied duty to show recorded streets and lot lines.
If the survey is of all or any part of a lot or of several lots in a recorded subdivision, all lot numbers (including those of adjoining lots) and block numbers should be shown on the plat. If the survey is of part of a lot or several lots, the dimensions of the excluded part of the lot or lots must be shown on the plat... .
All public and private rights of way shown on recorded plats adjoining or crossing the lands surveyed must be located and shown on the plat... . If streets abutting the lands surveyed are not opened physically, a note to this effect should be shown.
*370 The Florida Bar Continuing Legal Education, I Florida Real Property Practice §§ 13.21  .22 (2d ed. 1971). The complaint alleges Wilcox was a registered Florida land surveyor. That in itself created a duty to show any recorded plat on the survey.
Finally, the injury allegedly suffered by Vogel and its relation to Wilcox' alleged breach of duty was sufficiently set forth in the complaint to withstand a motion to dismiss, although it could have been more artfully drawn. Vogel alleged he wanted to buy open timber lands, and not property subject to street rights of way. He alleged that he relied on the Wilcox survey in making his purchase, and that he later discovered his land was subject to rights of way of record and was suffering damages because the city or county had begun work on those streets. To the extent the rights of way and loss of timber diminished the value of the land, sufficient injury and proximate cause were alleged here. "If there is an error in the survey, the surveyor is liable for the damages flowing from the error... ." Clark, supra, at 16.
Since the complaint against Wilcox stated a cause of action, it was improper to award attorney fees under section 57.105 to the defendant on the ground that it was a frivolous lawsuit without going beyond the pleadings. For example, had the factual basis for the allegations been shown to be specious or sham, fees might have been properly awarded pursuant to section 57.105. However, that would have required some sort of evidentiary proceeding, such as takes place upon a motion to strike, Florida Rule of Civil Procedure 1.150, or summary judgment.[2] The frivolity vel non of the factual basis for the count against Wilcox was not established by this record. Therefore, we cannot say, based on these pleadings, that there was "a total or absolute lack of a justiciable issue" in this case, or that the action was "so clearly devoid of merit both on the facts and the law as to be completely untenable." Allen at 175; Angora Enterprises v. Condominium Association of Lakeside Village, Inc., 432 So.2d 792 (Fla. 4th DCA 1983). Therefore, the award of attorney fees must be reversed.
We also find error in the award of costs. Initially, there is an oversight both parties agree should be corrected. The trial court disallowed the cost of Wilcox' attorney's travel and long distance telephone calls (a total of $54.39), but inadvertently included them in its award. Therefore, the $95.69 award of costs should be reduced to $41.30. The balance of the disputed costs encompassed xerox copies of pleadings and a city map of Bunnell. We hold that the cost of xerox copies are part of normal office expenses of counsel, and they are not recoverable. Bolton v. Bolton, 412 So.2d 72 (Fla. 2d DCA 1982). The city map of Bunnell may have been relevant demonstrative evidence to prove the invalidity of the recorded plat, and therefore we conclude the cost of the map may be taxed. Loftin v. Anderson, 66 So.2d 470 (Fla. 1953); Collins v. Holland, 409 So.2d 1097 (Fla. 3d DCA 1982); 12 Fla. Jur.2d Costs § 25 (1979).
For the reasons stated, we reverse the attorney fees awarded and we modify the cost judgment from $95.69 to $36.35.
REVERSED in part; AFFIRMED in part as modified.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Cf. Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983); Greenberg v. Manor Pines Realty Corporation, 414 So.2d 260 (Fla. 4th DCA 1982).
[2] See Stevenson; Greenberg.