508 So.2d 409 (1987)
C.B.T. REALTY CORPORATION, Appellant,
v.
ST. ANDREWS COVE I CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, and St. Andrews Cove II Condominium Association, Inc., a Florida Corporation F/K/a Landbanque Design Associates, Inc. Appellees.
Nos. 86-345, 86-1834.
District Court of Appeal of Florida, Second District.
May 6, 1987.
Rehearing Denied June 18, 1987.
*410 Joseph R. Park and Andrew J. Rodnite, Jr., of Park and Smith, P.A., Clearwater, for appellant.
Raymond C. Conklin and Dane E. DiSano of Stolba, Englander, Conklin, Braindard, DiSano & Verona, P.A., St. Petersburg, for appellees.
SANDERLIN, Judge.
In these consolidated appeals, appellant (C.B.T.) seeks review, in Case No. 86-345, of an adverse final judgment following a nonjury trial in appellees' action based on construction defects in a condominium development. In Case No. 86-1834, C.B.T. challenges a postjudgment award of costs. After reviewing the record and applicable case law, we affirm the judgment in Case No. 86-345. For the reasons stated below, we reverse the award of the specific items of costs not consistent with this opinion and remand to the trial court for corrections.
C.B.T. initially contends in Case No. 86-1834 that the trial court erred in entertaining a motion to tax costs after the appeal in Case No. 86-345 had been filed. We, however, conclude that costs may be awarded after an appeal has been taken, without applying to the appellate court for permission pursuant to Florida Rule of Appellate Procedure 9.600(b). See Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), pet. for rev. denied, 392 So.2d 1373 (Fla. 1980); See also Roberts v. Askew, 260 So.2d 492 (Fla. 1972). Cf. Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979) (attorney's fee may not be awarded after appeal taken without obtaining permission from appellate court).
C.B.T. also claims error in the trial court's award of certain specific items of costs. C.B.T. contends that the trial court erred in awarding costs for the fees of an out-of-state expert, absent a showing of the unavailability of local expertise. For this proposition, C.B.T. relies on Fence Wholesalers of America, Inc. v. Beneficial Commercial Corp., 465 So.2d 570 (Fla. 4th DCA 1985), and Gwen Fearing Real Estate, Inc. v. Wilson, 430 So.2d 589 (Fla. 4th DCA 1983). Those cases and the authorities on which they rely, however, deal with attorneys' fee awards of travel time for trial counsel who were not local. They do not support the contention that fees or travel expenses of out-of-state experts cannot be taxed as costs. The "Statewide Uniform Guidelines for Taxation of Costs in Civil Actions," an administrative order *411 issued by our supreme court on October 28, 1981, provides that while these expenses are not generally taxable, the "trial judge should be free to exercise his or her best judgment depending upon all the facts of the particular case involved." C.B.T. has not demonstrated an abuse of discretion in the trial court's award of the expert's travel expenses under the facts of this case.
C.B.T. correctly argues that the trial court erred in taxing as costs charges for the time appellees' expert waited at trial for the convenience of the attorneys. The uniform guidelines provide: "If the expert is at the Courthouse for the convenience of the attorney calling him so as to afford the opportunity for conferences during recesses or during progress of the trial, such `waiting time' charges should not be taxable." The trial court allowed all of the costs claimed for the trial testimony fee of appellees' expert, Russell. Appellees, however, conceded at the cost hearing that Russell was at the courthouse on the second day of the trial to be consulted for impeachment purposes and was not even called. Under the uniform guidelines, the taxing of these costs was improper.
C.B.T. also correctly contends the trial court erred in taxing as costs the travel time appellees' attorney incurred in taking an out-of-state deposition and document production. Expenses for travel time of an attorney taking a deposition are not taxable as costs, absent a special provision of contract or statute. Florida Gas Co. v. Spectra-Physics, Inc., 406 So.2d 1280 (Fla. 1st DCA 1981). The trial court allowed one-half the expenses claimed for this item because part of the expense claimed was for travel time for document production. We, however, can find no meaningful distinction, for purposes of taxing costs, between taking a deposition and document production. Accordingly, we conclude that the trial court erred in awarding costs for appellees' attorney's travel time for document production.
In sum, we affirm the judgment in Case No. 86-345. With respect to the cost judgment in Case No. 86-1834, we reverse the trial court's award of costs for the expert Russell's time while waiting at the courthouse on the second day of trial and the award of costs for appellees' attorney's travel time incurred for document production. The cost judgment is affirmed in all other respects and remanded to the trial court with directions to correct the judgment consistent with this opinion.
LEHAN, A.C.J., and HALL, J., concur.