HERSEY, Chief Judge.
The Pension Fund Board of the Hollywood Firemen’s Pension Fund denied the application of respondent, James Ter-lizzese, for a service-incurred disability retirement pension. The circuit court, sitting in its appellate capacity, granted Ter-lizzese’s Petition for Writ of Certiorari and concluded:
IT IS ORDERED AND ADJUDGED that Petitioner, JAMES TERLIZZESE’S Petition for Writ of Certiorari ... is hereby granted and the Board’s decision of August 22, 1986 is quashed; JAMES TER-LIZZESE is awarded a Permanent, Total, Service Connected Disability Pension as of August 22, 1986, the date of the Pension Board voted [sic] to deny Mr. Ter-lizzese his pension.
*935 It is the task of the circuit court, when sitting in review of administrative action, to determine whether procedural due process has been accorded the parties, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). We find no error in the application of these principles by the circuit court in this case, limited as we are by the cited authorities to consider on certiorari only whether due process has been accorded the parties and whether the essential requirements of the law have been observed.
The difficulty arises from the fact that the order appealed goes beyond merely quashing the Board’s decision. As we pointed out in National Advertising Company v. Broward County, 491 So.2d 1262, 1263 (Fla. 4th DCA 1986), “[a] court’s cer-tiorari review power does not extend to directing that any particular action be taken, but is limited to denying the writ of certiorari or quashing the order reviewed.” See also City of Miramar v. Amoco Oil Company, 524 So.2d 506 (Fla. 4th DCA 1988). We therefore quash that portion of the order directing that the disability petition be granted.
We also have before us in these consolidated cases an order taxing costs which was entered by the trial court after the petition for writ of certiorari was filed in this court. Its timeliness is questioned, as well as its merits.
The question of whether the circuit court had jurisdiction to enter an order taxing costs is answered in the affirmative. In Roberts v. Askew, 260 So.2d 492, 494 (Fla.1972), the supreme court held:
[Cjosts may be adjudicated after final judgment, after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded. However, the motion to tax costs should be made within a reasonable time after the appeal has been concluded.
In Roberts, the motion to tax costs was filed four months after the appeal had been dismissed and this was found to be a reasonable period of time. See also C.B.T. Realty Corp. v. St. Andrews Cove I Condo. Ass’n. Inc., 508 So.2d 409, 410 (Fla. 2d DCA 1987); City of Palm Bay v. Bauman, 475 So.2d 1322, 1327 (Fla. 5th DCA 1985); Bailey v. Bailey, 392 So.2d 49, 51 n. 3 (Fla. 3d DCA 1981); Colcord v. Florida Rock Industries, Inc., 342 So.2d 140 (Fla. 1st DCA 1977). Cf. Intercoastal Marina Towers, Inc. v. Suburban Bank, 506 So.2d 1177, 1179 (Fla. 4th DCA), (ordinarily trial court loses jurisdiction to tax attorney’s fees after appeal has been taken, but inapplicable here due to untimely appeal), rev. denied, 518 So.2d 1275 (Fla.1987). Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979) (attorney’s fees may not be awarded after appeal taken without obtaining permission from appellate court). But see Bernstein v. Berrin, 516 So.2d 1042 (Fla. 2d DCA 1987) (receding from Wilson Realty and stating that the better conclusion is that the filing of the notice of appeal does not divest the trial court of jurisdiction to enter attorney’s fees orders in the same case). There is no reason to treat the filing of a petition for writ of certiorari differently from the taking of an appeal in this context.
On the merits of this appeal from the costs judgment, the Board, relying on Vogel v. Allen, 443 So.2d 368 (Fla. 5th DCA 1983), wherein it was held that the cost of Xerox copies are part of normal office expenses of counsel and are not recoverable, asserts that the portion of the circuit court’s order granting Terlizzese $362.50 for Xeroxing costs was improper. In Vogel, the Xerox costs were incurred in preparation for trial. The distinction in the case at bar is that the Xeroxing costs were incurred while preparing the appendix for the petition for writ of certiorari at the circuit court, which was filed in lieu of a record. Rule 9.400(a)(2), Florida Rules of Appellate Procedure, provides that taxable costs shall include charges for preparation of the record. In the present case, the *936 $362.50 was a charge for preparation of a portion of the record and thus was properly treated as a taxable cost.
We therefore quash that portion of the circuit court’s order granting Terlizzese’s disability pension but in all other respects deny the Board’s petition for writ of certio-rari. We affirm the costs judgment.
CERTIORARI GRANTED IN PART; COSTS JUDGMENT AFFIRMED.
LETTS and DELL, JJ., concur.