574 So.2d 1162 (1991)
James MITCHELL and Ernestine Mitchell, Individually and As Husband and Wife, Appellants,
v.
OSCEOLA FARMS CO., a Florida Corporation, and Flo-Sun Land Corporation, a Florida Corporation, Appellees.
No. 89-3038.
District Court of Appeal of Florida, Fourth District.
February 6, 1991.
Rehearing Denied March 14, 1991.
Gary H. Marks of Law Offices of Gary H. Marks, Fort Lauderdale, for appellants.
Janis Brustares Keyser of Reid, Ricca & Rigell, P.A., West Palm Beach, for appellees.
GARRETT, Judge.
This is an appeal of the trial court's cost judgment. Appellant, who filed a voluntary dismissal on the eve of trial, claims that the items listed in the miscellaneous section of appellee's "VERIFIED MOTION TO TAX COSTS" should not have been taxed as costs. We cannot tell from the motion why the various items were incurred and we have not been provided with a transcript of the hearing on the motion to tax costs.
The following are some of the listed miscellaneous costs:

 10/28/88 Identifax Surveillance $ 24.50
 08/26/88 Identifax Surveillance 1,041.83
 01/27/89 Identifax Surveillance 332.03
 11/87 through 7/89  Photocopy 1,107.25
 11/87 through 7/89  Postage 70.24
 11/87 through 7/89  Long Distance Telephone Calls 92.17
 11/87 through 7/89  Travel Expenses 96.50
 11/87 through 7/89  Courier 94.50

*1163 As listed, the photocopy, postage, long distance calls, travel expenses and courier service appear to be office expenses and should not have been taxed as costs. See Vogel v. Allen, 443 So.2d 368 (Fla. 5th DCA 1983) (citing Bolton v. Bolton, 412 So.2d 72, 73 (Fla. 2d DCA 1982). Even if counsel traveled to attend depositions, we note that section 3 of the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions (Guidelines) precludes travel expenses for an attorney to take a deposition. And even if the long distance telephone calls were made to witnesses, we note that section 6 of the Guidelines provides that long distance calls to witnesses should not be taxed as costs.
The Guidelines make no provision for surveillance films to be taxed as costs. We hold that the surveillance film expenses are not taxable as costs. If the film is considered a report, we note that section 2B of the Guidelines provides that no charge should be made for a pretrial report submitted by one's own expert.
The rest of the miscellaneous costs appear to have been incurred during discovery when appellee obtained copies of various records, reports and exhibits. The "Cost of Xerox or other machine reproduced copies" is covered by section 7, of the Guidelines:
The cost of copies of documents (contracts, promissory notes, etc.) actually filed in the Court file should be taxed. The cost of copies of documents (contracts, business records, hospital records, etc.) actually filed and received in evidence during the course of trial should be taxed. Generally, the cost of copies obtained during course of discovery and not used at trial should not be taxed, but the presiding judge should exercise his discretion on the taxability of the cost of such copies if the facts of the entire case warrant an award of the cost of such copies.
Appellant has failed to show that the trial judge abused his discretion by taxing the cost of the copies obtained during discovery.
Accordingly, we reverse as to the taxation of the costs for office photocopying ($1,017.25), postage ($70.24), long distance telephone calls ($92.17), travel expenses ($96.50), courier service ($94.50), and surveillance ($1,398.36) and affirm as to all other taxed costs. Further, we remand with directions to enter an amended cost judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
GUNTHER, J., and WALDEN, JAMES H., (Retired) Associate Judge, concur.