666 So.2d 574 (1996)
Victoria B. BARNES, William R. Barnes, James H. Barnhill, Constance A. Barnhill, Earl G. Buelow, H. Lorraine Buelow, Harriett B. Garrison, Edward R. Gramkowski, Beverly J. Gramkowski, Albert M. Iosue, Russell Isham, Sally Isham, Robert Kendall, Alfred H. Klopfer, Inge Klopfer, Daniel B. Mullett, Marsha P. Mullett, Donald Nikolaus, Edith J. Nikolaus, Clement Story, III, Merrilyn C. Story, Donald L. Tyler, Michaelene Tyler, Gerald J. Woitas, and Nancy C. Woitas, Appellants,
v.
CITY OF DUNEDIN and Pinellas County, Appellees.
No. 94-03643.
District Court of Appeal of Florida, Second District.
January 19, 1996.
*575 Britt Whitaker, Tampa, for Appellants.
Alan S. Zimmet and Mark A. Connolly of Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, for City of Dunedin; Carol B. Abernathy Senior Assistant County Attorney, Clearwater, for Pinellas County.
QUINCE, Judge.
The appellants, homeowners, seek relief from a final judgment taxing costs after the entry of a voluntary dismissal. We affirm the trial court's ruling that the motions to tax costs by the City of Dunedin (the city) and Pinellas County (the county) were timely filed. We remand, however, to the trial court to strike certain travel expenses.
In June of 1989 the appellants filed a three count complaint against the city and the county alleging, inter alia, nuisance and inverse condemnation. Litigation continued between the twenty-seven plaintiffs and the city and county for more than four years until the plaintiffs voluntarily dismissed their suit against both defendants. The voluntary dismissal was entered on April 18, 1994. On June 6, 1994, the city filed a motion to tax costs pursuant to Florida Rule of Civil Procedure 1.420(d). The county filed its motion to tax costs on July 14, 1994. The city and the county filed affidavits by counsel which included attachments with the items of costs delineated.
At the evidentiary hearing held on July 26, 1994, the city presented argument of counsel outlining the necessity for each cost item. Additionally, the city adjusted its total from $14,443.62 to $13,649.77 because the city was only responsible for one-half of the deposition costs for Dr. Seaburn. In addition to argument by counsel, the county presented the testimony of Milton Corson, an appraiser, and Sharon Keel, an administrative specialist with the Department of Risk Management. Ms. Keel processed the county's invoices for payment and forwarded them to the finance unit of the department.
Appellants' counsel did not present any witnesses. He argued the lack of timeliness of the two motions, and he objected to specific items of costs, including deposition costs, expert witness costs, travel costs, long distance calls, and costs of copying. Of the cost items challenged, we find merit only in appellants' argument that the travel costs were erroneously awarded.[1]
Both the city and the county included as cost items the travel expenses (airfare and hotel) to take the deposition of Dr. Seaburn. The city also included airfare to Tallahassee to take the deposition of Eric Livingston. Generally, the Statewide Uniform Guidelines for Taxation of Costs do not allow for the taxation of costs for travel expenses incurred by attorneys. Mitchell v. Osceola Farms Co., 574 So.2d 1162 (Fla. 4th DCA 1991); C.B.T. Realty v. St. Andrews, 508 So.2d 409 (Fla. 2d DCA 1987); Long v. Martin, 410 So.2d 607 (Fla. 5th DCA 1982). Although there is no absolute bar to taxation of travel expenses, Madison v. Midland National Life Ins., 648 So.2d 1226 (Fla. 4th DCA 1995), the city and county's mere assertion that it would have cost more to bring the doctor to Pinellas County for his deposition does not affect this general rule. This court has allowed travel expenses of an attorney only if provided for by contract or statute. See C.B.T. Realty, 508 So.2d at 411; Professional Computer Management, Inc. v. Tampa Wholesale Liquor Co., 374 So.2d 626 (Fla. 2d DCA 1979).
Since the costs awarded included attorney travel expenses, we remand to the trial court to strike those charges. We otherwise affirm the final order taxing costs.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Although counsel for appellants argues before this court that secretarial time was included in the expert's billing, he did not make this argument at the hearing. Furthermore, the expert indicated there was no separate billing for secretarial time.