TAYLOR, J.
Gary R. Griffith (former husband) appeals an order finding him in contempt for non-payment of support and directing him to pay the attorney’s fees and costs of Carol E. Griffith (former wife), including *1286 some fees for litigating the amount of the fee and certain office overhead expenses.
We reverse the order finding the former husband in contempt, because the undisputed evidence did not establish willful non-compliance with his support obligations under the Agreed Final Judgment. Rather, the evidence showed that the former husband, whose consulting contract was cancelled, was consistently trying to generate business and heavily borrowing against assets to make the required payments. At most, the evidence showed that the former husband was $168.75 in arrears at the time he was held in contempt. By his calculations, the deficiency was only $7.75. In any event, his minimal noncompliance was not shown to be willful. See Chetram v. Singh, 937 So.2d 716 (Fla. 5th DCA 2006) (contempt for failure to pay support requires willful refusal to comply with the prior court order). The record, however, does support a finding that the former husband breached the marital settlement agreement, which was incorporated into the dissolution decree, by frequently failing to pay in a timely fashion. His breach led to the contempt proceedings and made him liable for attorney’s fees and costs under the terms of the agreement.
We also reverse the order awarding the former wife attorney’s fees for litigating the amount of the attorney’s fee, as this was essentially a contractual award of fees pursuant to the marital settlement agreement. See Mediplex Constr. of Fla., Inc. v. Schaub, 856 So.2d 13 (Fla. 4th DCA 2003) (holding that unless a contractual attorney’s fee provision specifically authorizes “fees for fees,” they are not awarda-ble).
Finally, we reverse the trial court’s cost judgments awarding the former wife her attorney’s non-recoverable overhead costs, i.e., photocopying, postage, parking at the courthouse, and Westlaw expenses. See Mitchell v. Osceola Farms Co., 574 So.2d 1162 (Fla. 4th DCA 1991) (holding that photocopy, postage, long-distance telephone calls, travel expenses, courier service, and surveillance film expenses were not taxable as costs); Bolton v. Bolton, 412 So.2d 72, 73 (Fla. 2d DCA 1982) (holding that office expenses of counsel are not recoverable as costs).

Reversed and Remanded

STEVENSON, C.J., and WARNER, J., concur.