975 So.2d 579 (2008)
In re COMMITMENT OF James R. MAY.
James R. May, Petitioner,
v.
State of Florida, Respondent.
No. 2D07-3965.
District Court of Appeal of Florida, Second District.
February 22, 2008.
*580 Theresa N. Jean-Pierre of Cohen & De-Paul, P.A., Tampa, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, for Respondent.

ORDER DISMISSING PETITION FOR BELATED APPEAL
CASANUEVA, Judge.
In a proceeding governed by the Jimmy Ryce Act, part V of chapter 394, Florida Statutes (2007), the trial court entered a final judgment declaring James R. May a sexually violent predator and committing him to the Department of Children and Family Services. Because Mr. May filed an untimely notice of appeal from this judgment, he filed this petition pursuant to Florida Rule of Appellate Procedure 9.141(c) seeking a belated appeal. Rule 9.141 is titled "Review Proceedings in Collateral or Post-Conviction Cases." Because Jimmy Ryce proceedings are civil in nature, Westerheide v. State, 831 So.2d 93 (Fla.2002), we questioned Mr. May's use of this rule of appellate procedure designed for those seeking a belated appeal in criminal cases. We ordered the parties to address the issue of whether this court has the authority to treat a petition for belated appeal of a Jimmy Ryce Act commitment order as a petition for habeas corpus. Mr. May, relying on Kleparek v. State, 964 So.2d 225 (Fla. 4th DCA 2007), asserts that relief pursuant to a petition for writ of habeas corpus is appropriate. The State essentially agrees with Mr. May, contending that relief cannot be founded upon the authority of rule 9.141(c) but that Mr. May might be entitled to belated review of his commitment via a petition for writ of habeas corpus.
Generally, an appellate court is not authorized to grant a belated appeal in a civil proceeding as the filing of the notice of appeal is jurisdictional. See Ward v. State, 859 So.2d 523 (Fla. 1st DCA 2003). In V.H. v. Dep't of Children & Family *581 Sews. (In re B.H.), 893 So.2d 639, 640 (Fla, 2d DCA 2005), a termination of parental rights appeal, we observed that "[i]n a civil proceeding, this court cannot grant a belated appeal, and generally the litigant must file a motion in the trial court pursuant to [Florida Rule of Civil Procedure] 1.540 to obtain relief." However, a significant point in V.H. was that a constitutionally recognized right was implicated  the fundamental liberty interest that parents have "in the care, custody, and control of their children." Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). In such a case, we held that "the proper vehicle for relief to obtain a belated appeal is to file a petition for writ of habeas eorpus in the trial court." V.H., 893 So.2d at 640. See also In re Interest of E.H., 609 So.2d 1289 (Fla.1992). Jimmy Ryce Act proceedings similarly implicate a constitutionally recognized right  liberty.
A person facing involuntary Jimmy Ryce commitment is entitled to counsel for those proceedings at state expense. § 394.916(3). Furthermore, the Jimmy Ryce Act provides the committed person with the right to appeal, § 394.917(1), as well as a right to appellate counsel at state expense, § 394.917(3). Therefore, the legislature has acknowledged the strong liberty issues at stake, and the only logical conclusion is that some procedural vehicle must exist to effect the right to appeal in cases such as Mr. May's, in which the committed person was represented by trial counsel who, according to the sworn petition, failed to timely file a notice of appeal despite the petitioner's request.
Mr. May's situation is essentially analogous to that of a parent whose rights have been terminated but who has lost the right to appeal because counsel failed to file a timely appeal as requested. Absent some other vehicle, the parent loses the right to appeal a judgment affecting his or her fundamental liberty interest. The Fourth District recognized this fact in Kleparek, 964 So.2d 225, another case in which the petitioner sought a belated appeal after a Jimmy Ryce commitment. Citing to the termination of parental rights case of In re E.H., 609 So.2d at 1289, the Kleparek court held "that the proper vehicle is . . . a petition for writ of habeas eorpus seeking belated review of the lower tribunal's order." 964 So.2d at 226. The appellate court then granted belated review of the commitment order.
Due to the civil nature of Jimmy Ryce proceedings, we analogize Mr. May's circumstances to those of a parent whose parental rights have been terminated and whose appeal was untimely filed through no fault of the parent's. When a belated appeal was sought in In re E.H., 609 So.2d 1289, our supreme court afforded the parent a right to seek an appeal through a petition for writ of habeas corpus, but the court required the petition to be filed in the trial court, not the appellate court:
[I]n those limited situations when a parent is entitled to belated appeal, the petition for writ of habeas corpus is the proper procedural vehicle for seeking the appeal. The writ of habeas corpus was designed as a speedy method of affording a judicial inquiry into the cause of the alleged unlawful custody of an individual. For that reason, habeas corpus has been authorized as a remedy for ascertaining a parent's right to custody of his or her children. We hold that the parent's petition for writ of habeas corpus should be filed with the trial court. This will permit a resolution of any factual issues as well as any defenses including those predicated upon laches.
Id. at 1290-91 (citations omitted). Because Mr. May's petition presents a factual issue about whether he timely instructed *582 his attorney to file an appeal, he should follow the procedure set out by our supreme court in In re E.H., so the trial court may resolve the factual issues that may entitle him to a belated appeal. Thus, although we agree with the reasoning in Kleparek, we decline to follow its disposition of taking up the matter as if the trial court had already determined the petitioner's entitlement to a belated appeal. The better procedure is that outlined in In re E.H.
Accordingly, we dismiss the petition for belated appeal from a civil commitment order as we are without jurisdiction to consider it.
ALTENBERND and LaROSE, JJ., Concur.