LaROSE, Judge.
 

 William E. Lewis, Jr., appeals a final judgment of foreclosure entered after a clerk’s default. Thunderbird Manor, Inc., sued him for unpaid assessments. We affirm the final judgment, in part, but write to address certain costs that Mr. Lewis challenges.
 

 The trial court erred in awarding nontaxable costs of $16.41 for postage and $52 for photocopies.
 
 In re Amendments to Uniform Guidelines for Taxation of Costs,
 
 915 So.2d 612, 616-17 (Fla.2005), does not list postage as a taxable cost. Therefore, we reverse the taxation of costs for postage.
 

 Generally, copies, like postage, are part of the attorney’s nonrecoverable office expenses.
 
 Griffith v. Griffith,
 
 941 So.2d 1285, 1286 (Fla. 4th DCA 2006) (citing
 
 Bolton v. Bolton,
 
 412 So.2d 72, 73 (Fla. 2d DCA 1982);
 
 Mitchell v. Osceola Farms Co.,
 
 574 So.2d 1162 (Fla. 4th DCA 1991));
 
 Robbins v. McGrath,
 
 955 So.2d 638, 635 (Fla. 1st DCA 2007). The guidelines allow for taxation of copy costs for “documents filed with the court, which are reasonably necessary to assist the court in reaching a conclusion” and “costs of copies obtained in discovery.”
 
 Guidelines,
 
 915 So.2d at 616. The September 10, 2008, cost of $4.75 for copies of pleadings sent with a letter to Mr. Lewis are not taxable. We cannot determine from the record that the remaining copy costs are taxable. Counsel’s affidavit provides no explanation for December 16, 2008, copy costs of $3.50 and February 27, 2009, copy costs of $9.75. The January 30, 2009, listing of $2.75 and the May 29, 2009, listing of $31.25 also are unannotated. We note that the affidavit
 
 *1183
 
 identifies attorney’s fees for those dates, but the affidavit suggests no nexus to the copy costs.
 

 Thunderbird had the burden to show that all requested costs were taxable.
 
 See Guidelines,
 
 915 So.2d at 616;
 
 Nasser v. Nasser,
 
 975 So.2d 581, 532 (Fla. 4th DCA 2008). We reverse and remand for the trial court to deduct the amount taxed for postage and the amounts not taxable under the guidelines for copies and enter an amended judgment.
 
 See The Landmark Winter Park, LLC v. Colman,
 
 24 So.3d 787, 788-89 (Fla. 5th DCA 2009). In all other respects, we affirm.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.