PER CURIAM.
Steven Wayne Jewell appeals from the circuit court’s final order dismissing his petition for writ of habeas corpus. Because the circuit court failed to correctly apply the relevant case law, we reverse.
On January 26, 2011, Jewell was civilly committed as a sexually violent predator pursuant to the Involuntary Commitment of Sexually Violent Predators Act, commonly known as the “Jimmy Ryce Act.” He subsequently filed a habeas petition in this Court on October 11, 2012, seeking leave to pursue a belated appeal from his civil commitment. He asserted in the petition that, within thirty days of the commitment, he had sent his trial attorney a written request to file an appeal but that the attorney failed to file a timely appeal, claiming that he had never received Jewell’s request.
This court issued a per curiam dismissal of the habeas petition, -with a citation to In re Commitment of May, 975 So.2d 579 (Fla. 2d DCA 2008). See Jewell v. State, 100 So.3d 1218 (Fla. 1st DCA 2012). In May, the Second District held that an individual who is involuntarily committed as sexually violent predator is entitled to seek relief through a petition for writ of habeas corpus, where the committed person alleges that his trial counsel failed to file a timely notice of appeal, despite his request that counsel do so. The court in May expressly held that such a petition must be filed in the circuit court, not the district court of appeal, where it presents a factual issue as to whether the petitioner timely instructed his attorney to file an appeal from the commitment order.
In accordance with our decision and May, Jewell then filed a new habeas petition for belated appeal in the Escambia County Circuit Court. The circuit court issued an order dismissing the petition, ruling, in contravention of May, that the petition should have been filed in this court.
As the state concedes, under May, the trial court erred by dismissing Jewell’s habeas petition. We reverse and remand for the trial court to consider the petition on its merits and determine whether Jewell is entitled to a belated appeal from his civil commitment.
Reversed.
PADOVANO, MARSTILLER, and MAKAR, JJ., concur.