PER CURIAM.
In this Engle progeny case,[1] Appellant, R.J. Reynolds Tobacco Company, appeals a Final Judgment entered in favor of Ap-pellee, Gloria Clayton, as the Personal Representative of the Estate of David Clayton. Appellant argues in part that the trial court abused its discretion in awarding Appellee certain taxable costs. We agree with Appellant as to the $3,150 in fees paid to Dr. Ahluwalia for various clerical and administrative tasks he performed, including time spent printing, organizing, and stapling documents. See Seigler v. Gen. Leisure Corp., 289 So.2d 429, 430 (Fla. 1st DCA 1974) (agreeing with the appellants that the trial court erred in taxing as costs the $25 incurred by each of the expert witnesses for overhead, clerical, and administrative expenses); see also Centex-Rooney Constr. Co., Inc. v. Martin Cty., 725 So.2d 1255, 1261 (Fla. 4th DCA 1999) (citing Seigler and reversing the award of certain administrative expenses of the expert engineers, including meals, equipment, postage and freight, equipment maintenance, printing, communication charges, temporary help, documents processing, graphics, and “similar” administrative expenses). As to the other challenged costs on appeal, we find no abuse of discretion in the trial court’s award.
As for Appellee’s argument on cross-appeal that the trial court erred in concluding that Engle class members are prohibited from recovering punitive damages on negligence and strict liability claims, we affirm on the authority of Soffer v. R.J. Reynolds Tobacco Co., 106 So.3d 456, 457 (Fla. 1st DCA 2012), rev. granted, R.J. Reynolds Tobacco Co. v. Soffer, 139 So.3d 887 (Fla.2014).
AFFIRMED in part; REVERSED in part; and REMANDED.
LEWIS, WETHERELL, and MAKAR, JJ., concur.

. See Engle v. Liggett Grp., Inc., 945 So.2d 1246 (Fla.2006).