# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1383
Lower Tribunal Nos. F08-34057, F85-32539, F85-32540,
F85-32541 & F86-4671

_____

**Juan Francisco Vega,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Juan Francisco Vega, in proper person.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before SCALES, C.J., and EMAS and MILLER, JJ.

PER CURIAM.

Appellant Juan Francisco Vega, asserting that no judge in Miami-Dade County can adjudicate his civil commitment status fairly under section 314.910 *et seq.* of the Florida Statutes (the "Act"),[1] filed a *pro se* motion in the trial court seeking to change the venue of his civil commitment proceedings from Miami to Tampa.[2]

We find no abuse of discretion in the trial court's denial of Vega's motion. See Marques v. Garcia, 245 So. 3d 900, 904 (Fla. 3d DCA 2018) (holding that an order denying a motion to transfer venue is reviewed for an abuse of discretion).

While not entirely clear, it appears from Vega's initial brief that Vega is also seeking a writ from this Court permitting a belated appeal of the trial

---

[1] Known as The Jimmy Ryce Act, the Act establishes procedures for the civil commitment of sexually violent predators after their term of incarceration ends. § 394.917, Fla. Stat. (2024). The sexually violent predator is committed to the custody of the Florida Department of Children & Families, undergoes an annual mental health evaluation, and may be eligible for a limited hearing before the trial court as to whether there is probable cause of a change of condition that the person will not engage in sexual violence, if discharged. If the court finds probable cause, then the court will set a trial on the issue. § 394.918, Fla. Stat. (2024).

[2] Venue is proper in Miami-Dade County because this is the county where Vega was last charged and convicted. See Fla. R. Civ. P. – S.V.P. 4.060 (Venue is proper "in the county where the respondent was last charged and convicted of a qualifying offense."). Vega sought the change of venue under section 47.101 of the Florida Statutes.

court's August 23, 2023 order finding no probable cause to end Vega's civil commitment. Not only does Vega's initial brief fail to comport with the requirements of Florida Rule of Appellate Procedure 9.141(c), but because involuntary commitment orders under the Act are civil in nature, our jurisdiction under rule 9.141(c) does not permit us to grant Vega relief. In re Commitment of May, 975 So. 2d 579, 580-81 (Fla. 2d DCA 2008) ("Generally, an appellate court is not authorized to grant a belated appeal in a civil proceeding as the filing of the notice of appeal is jurisdictional.").

Order denying change of venue affirmed; petition seeking a writ permitting a belated appeal denied.